Chester CLAY, Petitioner,

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 84–2026.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 5, 1984.

Decided Nov. 28, 1984.

I. John Rossi, Des Moines, Iowa, for petitioner.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

ARNOLD, Circuit Judge.

This is a petition for review of an order of the Benefits Review Board of the Department of Labor. The question presented is whether the petition is timely. We agree with the Board that the petition was not filed within sixty days after the deci-

sion of the Board was "issued" within the meaning of 33 U.S.C. § 921(c),[1] and we therefore dismiss the appeal for want of jurisdiction.

■ The decision of the Benefits Review Board was filed on June 11, 1984. The petition for review was filed on August 13, 1984, the sixty-third day after the filing of the Board's order. Petitioner suggests several reasons why we should hold that the petition was nevertheless timely. First, it is argued that the Board's decision was never "issued" within the meaning of the statute because the Board did not send a copy of its decision to "all parties" as required by 20 C.F.R. § 804.403(b). The decision was not sent to all parties, petitioner says, because he personally did not receive a copy of it from the Board. Instead, the Board sent a copy to petitioner's attorney, who in turn forwarded it to his client. We do not accept this argument. When a party is represented by counsel, notice to counsel is, absent exceptional circumstances, notice to the client.[2] Therefore, the decision of the Board was in fact sent to "all parties," and this argument must fail.

■ Petitioner points out that when his lawyer mailed him a copy of the Board's decision, the cover sheet, quoting the relevant provisions of 33 U.S.C. § 921(c), which sets the sixty-day time limit for the filing of petitions for review, bore the stamped date June 15, 1984. The suggestion is that petitioner believed that June 15, 1984, was the operative date from which the sixty-day period would be computed. It seems that the June 15, 1984 date stamp was affixed to the cover sheet not by the Board, but by petitioner's attorney when the Board's decision was received in his office. Petitioner,

it is argued, did not realize that his lawyer had put the June 15, 1984 date on the cover sheet, but thought this date was an official representation by the Board of the date of the filing of its decision. The argument cannot withstand analysis, because the Board's decision itself, to which the cover sheet was attached, clearly states in two different places that it was filed for record on June 11, 1984.

■ Finally, petitioner claims that the term "issued" in the controlling jurisdictional statute is not the equivalent of "filed." Thus, that the opinion may have been filed for record in the offices of the Board on June 11, 1984, should not be controlling for purposes of determining when it was "issued." Rather, the argument runs, the "issuance" of the opinion should be held to take place on the date when the Board's decision was received by petitioner himself, or, perhaps, by his counsel. We disagree. The Board's regulations, 20 C.F.R. § 802.410(a), use the word "filed" to describe the event from which the time for seeking review runs. Thus, the Board interprets the statutory term "issued" to mean "filed." We normally defer to the regulations of an administrative agency interpreting its own governing statute, when the interpretation adopted by the regulations is not unreasonable. Certainly a regulation equating the term "issued" with "filed" is not unreasonable, and we therefore construe the statute in accordance with the regulation. It follows that the Board's decision was "issued" on June 11, 1984, not at some later time, and that the period for the filing of a petition for review expired on August 10, 1984, the sixtieth day after issuance.

1. Appeals from decisions and orders of the Benefits Review Board to the courts of appeals are governed by Section 21(c) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 921(c), incorporated by Section 422(a) of the Black Lung Benefits Act, 30 U.S.C. § 932(a).

2. Even if sending the decision to counsel is not the legal equivalent of sending it to the client, this petition would not be timely. See *Pittston*

*Stevedoring Corp. v. Dellaventura*, 544 F.2d 35, 43–44 (2d Cir.1976), *aff'd on other grounds sub nom. Northeast Marine Terminal Co. v. Caputo*, 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977) (Board should have notified party rather than his attorney, but time to appeal not affected; "The policy requiring that appeals be timely taken is so strong that ministerial failures by a clerk cannot be allowed to overcome it.")

We have no alternative but to dismiss the petition for review. This is a court of limited jurisdiction, exercising only those powers delegated to us by Congress. We can review decisions of the Benefits Review Board only when they are brought before us under the conditions and within the time specified by statute. Unfortunately, the present petition does not qualify when judged by this standard. We note that petitioner's present counsel, who has made an appealing plea in support of our jurisdiction, did not represent him at the time of the decision of the Benefits Review Board and is not responsible for the late filing of this petition.

The motion to dismiss is granted, and the petition for review is

Dismissed.

Ferguson, Circuit Judge, filed a concurring opinion in which Schroeder and Alarcon, Circuit Judges, joined.

Nelson, Circuit Judge, concurred in part.

Goodwin, Circuit Judge, dissented and filed an opinion in which Wallace, J. Blaine Anderson, and Canby, Circuit Judges, concurred.