806 F.2d 258
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Elmer SMALLWOOD, Petitioner,
v.
CHESAPEAKE OPERATING COMPANY, Respondent,
 No. 86-3543.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 28, 1986.
Decided Nov. 28, 1986.
 
 On Petition for Review of an Order of the Benefits Review Board.
 Elmer Smallwood, petitioner pro se.
 William R. Lavasseur, Semmes, Bowen & Semmes, for respondent.
 Ben.Rev.Bd.
 DISMISSED.
 Before RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Elmer Smallwood filed an application for compensation benefits under the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA") as amended, 33 U.S.C. Sec. 901 et seq. On April 28, 1982, the administrative law judge held that Smallwood had failed to show any disability as a result of his work accident, and was not therefore, entitled to compensation benefits. By a decision and order filed with the clerk of the Benefits Review Board ("Board") on January 29, 1986, the Board affirmed the administrative law judge's denial of benefits. On April 7, 1986, Smallwood filed his petition for review with this Court. Chesapeake Operating Co. ("Chesapeake") subsequently moved this Court to dismiss Smallwood's petition as untimely.
 
 
 2
 Under 33 U.S.C. Sec. 921(c), the Board's final orders are reviewable "in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside." (emphasis added). Smallwood concedes that he filed his petition for review with this Court sixty-seven days after the Board filed its decision and order with the Clerk of the Board. He contends, however, that he was proceeding pro se and that Chesapeake was not harmed by the short delay in filing the petition. He also contends that he received notice of the Board's order late because the Board served its order on him on March 18, 1986.
 
 
 3
 This Court has recently reviewed the meaning of 33 U.S.C. Sec. 921(c). We concluded that this Court can only review decisions of the Board when petitions for review are filed within the jurisdictional time period specified by 33 U.S.C. Sec. 921(c). Butcher v. Big Mountain Coal, Inc., --- F.2d ---, No. 85-1709, slip op. at 4 (4th Cir., Oct. 9, 1986). See also Clay v. Director, Office of Workers' Compensation Programs, 748 F.2d 501 (8th Cir.1984). Accordingly, we have no alternative but to dismiss the petition for lack of jurisdiction due to its untimely filing.*
 
 
 4
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 5
 DISMISSED.
 
 
 
 *
 Smallwood had contended in documents accompanying his petition for review that there was not substantial evidence to support the Board's finding that Smallwood's injury was not causally related to an accident at work. Because we dismiss the petition as untimely, we need not reach that question. Nevertheless, we note that Smallwood differs with the weight given by the Board and administrative law judge to the testimony of certain expert witnesses. Because substantial evidence supports the Board's findings, Smallwood's petition is without merit