816 F.2d 682
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lois H. STEPP (Widow of Milburn Stepp), Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAM, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 87-3080.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1987.
 
 Before MERRITT and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner, Lois H. Stepp, seeks review of an order of the Benefits Review Board which affirmed the decision of the administrative law judge to deny her benefits on a claim filed pursuant to Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Sec. 901 et seq. Because petitioner has failed to file her petition for review in a timely fashion as required by 33 U.S.C. Sec. 921(c), this Court lacks jurisdiction to review the order of the Board.
 
 
 2
 The order of the Board in question was issued on August 29, 1986. On October 28, 1986, sixty days later, the respondent received a letter from the petitioner which requested a reconsideration of the Board's order. A request for reconsideration of a Board decision must be made within ten days from the filing of the decision. 20 C.F.R. Sec. 802.407(a). As the Board's order was issued and filed on August 29, 1986, petitioner's request was due by September 12, 1986 (weekends excluded). Rule 6(a), Federal Rules of Civil Procedure. Petitioner's request, having been filed October 28, 1986, was filed some 46 days late. A request for reconsideration which is not filed in a timely fashion will not toll the time for obtaining review of an adverse decision of the Board. See Arch Mineral Corp. v. Office of Workers' Comp., 798 F.2d 215, 216-19 (7th Cir.1986).
 
 
 3
 On January 28, 1987, petitioner filed in this court her written petition for review. Pursuant to 33 U.S.C. Sec. 921(c), a person aggrieved by a final order of the Board may obtain review of that order in the United States Court of Appeals by filing in such court within sixty days following the issuance of the order a written petition praying that the order be modified or set aside. As the present petition was due by October 28, 1986, the petition filed on January 28, 1987, was filed 95 days late. Consequently, this Court lacks jurisdiction to review the order of the Board given petitioner's failure to file her petition "within the time prescribed by law." Rule 15(a), Federal Rules of Appellate Procedure. Clay v. Director, Office of Workers' Comp. Programs, 748 F.2d 501 (8th Cir.1984).
 
 
 4
 Even were this Court to construe petitioner's request for reconsideration to be a petition for review, dismissal for lack of jurisdiction would still be required. Although the petition in that instance would have been timely filed, having been filed on October 28, 1986, it is plain that the petition was improperly filed with the Board and not filed with a clerk of the court of appeals as required by 33 U.S.C. Sec. 921(c) and Rule 15, Rules of Appellate Procedure.
 
 
 5
 Accordingly, this appeal is dismissed for lack of jurisdiction.