**Bernice MUSSATTO (Widow of Emil J. Mussatto), Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 87–1897.

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1988.

Decided Aug. 3, 1988.

Marian Burns, Lyndon, Kan., for petitioner.

Jeffrey J. Bernstein, Washington, D.C., for respondent.

Before BOWMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and HARPER,* Senior District Judge.

PER CURIAM.

Bernice Mussatto appeals from the Benefits Review Board's denial of her claim for Black Lung benefits for a surviving spouse filed pursuant to Title IV of the Federal Coal Mine Health and Safety Act of 1969 as amended. *See* 30 U.S.C. §§ 901, *et seq.* (1982 & Supp. III 1985). We dismiss the appeal for lack of jurisdiction.

In order to obtain review of a final order of the Benefits Review Board, a person adversely affected by that order must

---

* The HONORABLE ROY W. HARPER, Senior United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

file a notice of appeal in the court of appeals for the circuit in which the injury occurred within sixty days following the issuance of the Board order. 33 U.S.C. § 921(c).

The Benefits Review Board denied Mussatto's claim for surviving spouse's benefits on April 22, 1987. Thereafter, Mussatto, through her attorney, mailed to the Board a notice of intent to appeal to the United States Court of Appeals for the Eighth Circuit. The Board received the notice on June 22, 1987, the sixtieth day following issuance of the Board's order. The Board forwarded the notice to this court, which received the notice on June 29, 1987, nine days beyond the sixty-day appeal period. Thereupon, the appellee, Director, Office of Workers' Compensation Programs, United States Department of Labor, moved to dismiss Mussatto's appeal for lack of jurisdiction.

■ Mussatto argues that because she filed her notice of appeal with the Benefits Review Board within sixty days of the Board's denial of her claim, her appeal should be deemed timely. Congress, however, established a sixty-day time limit for filing an appeal in the court of appeals from a final decision of the Benefits Review Board. 33 U.S.C. § 921(c). Rule 15(a) of the Federal Rules of Appellate Procedure does not allow us to accept the date that the Board received the notice as the date for filing in this court. *See Bolling v. Director, Office of Workers' Compensation Programs*, 823 F.2d 165, 166 (6th Cir.1987). Accordingly, we dismiss Mussatto's appeal for lack of jurisdiction.