**Carlos ADKINS, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

**No. 88–2079.**

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 11, 1989.

Decided Nov. 24, 1989.

Daniel Grove Moler (Moler & Staton, on brief), for petitioner.

Barbara J. Johnson, Counsel for Appellate Litigation (Robert P. Davis, Sol. of Labor, Donald S. Shire, Associate Sol., U.S. Dept. of Labor, Office of the Solicitor, on brief), for respondent.

Before MURNAGHAN, SPROUSE, and CHAPMAN, Circuit Judges.

CHAPMAN, Circuit Judge:

The issue presented by this appeal is whether a petition for review of a decision and order of the Benefits Review Board (BRB), timely filed with the Board but untimely filed in the Office of the Clerk of this court, may be deemed sufficient to invoke this court's review jurisdiction. We find that under the clear language of the applicable statutes such a petition is not timely, and we dismiss the appeal.

## I.

Petitioner worked in the coal mines for almost 40 years and retired in 1981. His claim for black lung benefits was heard on October 2, 1984 and was denied by an Administrative Law Judge on January 9, 1985 upon a finding that none of the physicians who had examined Adkins found that he had a disabling breathing condition, and one of the physicians found that he still

had the physical capacity to perform his usual coal mining employment. On January 29, 1988, the Benefits Review Board affirmed the Administrative Law Judge.

On March 16, 1988, the 46th day after the Board's decision, Adkins wrote to the Benefits Review Board stating his intention to appeal its ruling. The Board stamped the letter as received on March 22, but took no further action until March 31, 1988, when it advised petitioner by letter that his intention to appeal must be filed in the Office of the Clerk of the United States Court of Appeals and sent to him the address of the court. On April 11, 1988, the Clerk of this court received a copy of Adkins' letter of March 16, 1988, addressed to the Benefits Review Board, together with a letter from Adkins dated April 7, 1988 addressed to our Clerk stating Adkins' intention to appeal and stating that "the time lapse was unavoidable."

The Director moved to dismiss the appeal for lack of jurisdiction because the appeal was not filed with the Court of Appeals within 60 days of the date of the January 29, 1988 decision and order of the Benefits Review Board as required by 33 U.S.C. § 921(c). We appointed counsel for petitioner in order that the issue of jurisdiction could be properly briefed and argued.

We also directed counsel to brief and argue the merits of petitioner's case, and he has ably done so.

## II.

■ The Black Lung Benefits Act (30 U.S.C. § 932(a)) provides that the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901, *et seq.*, governs appeals from decisions of the Board. 33 U.S.C. § 921(c) provides in pertinent part:

Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within 60 days following the issuance of such Board order a written petition praying that the order be modified or set aside.

Section 921(c) is a jurisdictional and not a venue provision. *Hon v. Director, Officer of Workers Compensation Programs*, 699 F.2d 441, 443 n. 1 (8th Cir.1983).

This is a court of limited jurisdiction, and we may review decisions of the BRB only when appeals are brought to us under the conditions and within the time specified by statute. The statute governing appeals from the BRB requires that an aggrieved party's petition for review be filed in the Circuit Court within 60 days following the issuance of the Board's order. This language could not be more clear. In *Butcher v. Big Mountain Coal, Inc.*, 802 F.2d 1506, 1507–08 (4th Cir.1986), we adopted with approval the language and the rationale used by Judge Friendly in *Pittston Stevedoring Corp. v. Dellaventura*, 544 F.2d 35, 44 (2d Cir.1976), *aff'd on other grounds sub nom. Northeast Terminal Co. v. Caputo*, 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977). Judge Friendly stated:

We see no reason not to read 33 U.S.C. § 921(c) as meaning what it says. Cf. *United States v. Michel*, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598 (1931); *American Construction Co. v. United States*, 107 F.Supp. 858, 123 Ct.Cl. 408 (1952), *cert. denied*, 345 U.S. 922, 73 S.Ct. 780, 97 L.Ed. 1354 (1953). The policy requiring that appeals be timely taken is so strong that ministerial failures by a clerk cannot be allowed to overcome it. The Act, like many other administrative review statutes, does not seem even to encompass the "excusable neglect" escape hatch provided for untimely appeals from the district courts.

■ Every circuit that has faced the issue of whether the time limit in § 921(c) is a bar to a late appeal has decided that, if the filing in the circuit court is late, there is no jurisdiction to review the decision of the Board. This conclusion has been reached in the Second, Sixth, Eighth, Ninth, and Eleventh Circuits in *Pittston Stevedoring Corp. v. Dellaventura, supra; Danko v. Director of Workers Compensation Programs*, 846 F.2d 366 (6th Cir.1988); *Clay v. Director of Workers Compensation Programs*, 748 F.2d 501 (8th Cir.1984); *Ber-*

*nardo v. Director of Workers Compensation Programs,* 772 F.2d 576 (9th Cir.1985); and *Brown v. Director of Workers Compensation Programs,* 864 F.2d 120 (11th Cir.1989).

The Eleventh Circuit in *Brown v. Director, supra,* reviewed the substantial body of jurisprudence interpreting the timely filing requirements of many similarly-worded statutes and concluded:

Hence, we cannot fairly assume that section 921(c) and other similarly-worded statutes were drafted inadvertently, or that Congress intended the 60–day filing period to be in the nature of a statute of limitations when it uses the word "jurisdiction" in the statute.

Also informing our decision is the fact that the timely filing requirement under consideration is contained in a statute, not a rule of court. Statutory time limits are generally regarded as jurisdictional, *see Schacht v. United States,* 398 U.S. 58, 63–64, 90 S.Ct. 1555, 1559–1560, 26 L.Ed.2d 44 (1970), and *Tiger International [Inc. v. Civil Aeronautics Bd.,* 554 F.2d 926 (9th Cir.1977)], whereas time limitations contained in rules of court are generally subject to principles such as waiver and estoppel. Consistent with this principle is the proscription of Fed.R.App.P. 26(b) that "the court [may not] enlarge the time prescribed by law for filing a petition to enjoin, set aside, suspend, modify, enforce or otherwise review, or a notice of appeal from, an order of an administrative agency, board, commission or office of the United States, except as specifically authorized by law." This appellate rule has been cited as a basis for numerous decisions holding that statutory time limitations are jurisdictional in nature. *See National Black Media Coalition,* 760 F.2d [1297] at 1298 [ (D.C.Cir.1985) ]; *B.J. McAdams, Inc. v. I.C.C.,* 551 F.2d 1112, 1114 (8th Cir.1977); *Chem–Haulers [Inc. v. U.S.],* 536 F.2d [610] at 613–14 [ (5th Cir.1976) ].

The principal reason underlying decisions which hold that statutory periods of limitations are jurisdictional was enunciated by the Supreme Court in *Matton Steamboat Company v. Murphy,* 319 U.S. 412, 415, 63 S.Ct. 1126, 1128, 87 L.Ed. 1483 (1943);

The purpose of statutes limiting the period for appeal [of a state court judgment under 28 U.S.C. § 344(a) (1986) ] is to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are free of the appellant's demands.

In the specific context of direct appeals from decisions of administrative agencies, the time limitation "serves the important purpose of imparting finality into the administrative process, thereby conserving administrative resources and protecting the reliance interest of regulatees who conform their conduct to the regulations." *National Resources Defense Council v. N.R.C.,* 666 F.2d 595, 602 (D.C.Cir.1981). Jurisdictional limitations and the policies which they embody must be honored even in the face of apparent injustice or an administrative agency's obvious misapplication or violation of substantive law. *See National Black Media Coalition,* 760 F.2d at 1300; *Heath and Stich, Inc. v. Donovan,* 641 F.2d at 338 [ (5th Cir.1981) ]. Once a jurisdictional boundary is crossed, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex Parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1869).

*Id.* at 123–124 (footnotes omitted).

Appellant argues that there was undue delay in the BRB office because it did not immediately notify him of his mistake. The record shows that the Board wrote Carlos Adkins on March 31, 1988 advising him of his error and, by copy of the same letter, forwarded directly to the Clerk of this court appellant's notice of intention to appeal, dated March 16, 1988, which had been mistakenly forwarded to the BRB. Petitioner has made no showing that there was an unreasonable delay by the Board in advising him of his mistake.

We must remember that we are dealing with a jurisdictional limitation and not a statute of limitations, and courts that have been faced with almost identical facts—the filing of notice of appeal with the BRB and not with the Clerk of the Court of Appeals—have found no jurisdiction. *See Bolling v. Director,* 823 F.2d 165 (6th Cir. 1987) (letter to the BRB received within 60 days of the order denying benefits was treated as a motion to reconsider, but the court found that this did not toll the 60–day period for filing notice of appeal with the Clerk of the Court of Appeals); *Mussatto v. Director,* 855 F.2d 513 (8th Cir.1988) (plaintiff's attorney mailed to the BRB a notice of intent to appeal to the Eighth Circuit Court of Appeals, the BRB mailed the notice to the Clerk of the Court, but it arrived after the 60–day period, and the court found that it lacked jurisdiction to hear the appeal); and *Danko v. Director, supra* (widow of deceased miner filed a pro se notice of appeal with the BRB on the last day of the 60–day period, which notice was forwarded to the Clerk of the Court of Appeals by the BRB and the court found that FRAP 15(a) governing review of agency orders did not allow the court to accept the date of the notice to the BRB as the date of filing in the court).

Petitioner calls attention to *White v. Director,* 865 F.2d 1262 (4th Cir.1988), an unpublished opinion decided without oral argument on December 19, 1988 in which we applied FRAP 4(a)[1] to an appeal where notice was filed with the BRB during the 60–day period but not with the court of appeals. Upon reconsideration, further briefing, and oral argument, we find that *White v. Director* is not persuasive and we decline to follow it.

As we have indicated above, the 60–day period for noticing an appeal is set by statute and it is jurisdictional. All circuits which have confronted similar facts have found no jurisdiction to hear such an appeal, and we find these opinions persuasive. If we allow FRAP 4(a) to apply to an appeal from the BRB, then we open the door to the host of other agencies to use the same rule and to disregard the clear language of statutes requiring that notices of appeal be filed within a certain period of time and in the office of a particular court. Such a rule would create great confusion and read something into Rule 4(a) that is not there and it would disregard the clear statutory language creating and limiting appellate review of agency decisions.

APPEAL DISMISSED.

---

**1.** Federal Rule of Appellate Procedure 4(a) provides in pertinent part:

   If a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date on which it was received and transmit it to the clerk of the district court and it shall be deemed filed in the district court on the date so noted.