902 F.2d 27
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Virginia DITTRICH, Widow of Edwin Dittrich, Petitioner,
v.
SCHIAPPA COAL COMPANY; Office of Workers Compensation
Program, Respondents.
 No. 88-3670.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 12, 1989.
Decided April 19, 1990.
Rehearing Denied June 19, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board. (83-BLA-94)
 Virginia Dittrich, petitioner pro se.
 John George Paleudis, Hanlon, Duff & Paleudis Co., LPA, for respondent Schiappa Coal Company; Sylvia Theresa Kaser, Nicholas Joseph Levintow and Lawrence W. Rogers, United States Department of Labor; for respondent Office of Workers Compensation Program.
 Ben.Rev.Bd.
 MOTION TO PROCEED IN FORMA PAUPERIS GRANTED; MOTION TO DISMISS GRANTED.
 Before DONALD RUSSELL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Pro se petitioner Virginia Dittrich seeks leave to proceed in forma pauperis in this judicial review of a decision and order of the Benefits Review Board (BRB or the Board) affirming an administrative law judge's denial of her application for survivors' benefits available under the Black Lung Benefits Act, as amended, 30 U.S.C. Secs. 901, et seq. Respondent Schiappa Coal Company has moved to dismiss Dittrich's petition for review for lack of jurisdiction. Respondent's position is that the petition was filed outside the sixty-day period provided by 33 U.S.C. Sec. 921(c) for seeking judicial review of BRB decisions, thus depriving this court of subject matter jurisdiction. Petitioner's application to proceed in forma pauperis is granted; respondent's motion to dismiss is granted.
 
 
 2
 Petitions for review of BRB orders are governed by 33 U.S.C. Sec. 921(c), which provides in pertinent part that:
 
 
 3
 Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside.
 
 
 4
 We recently considered this statute in another case involving an untimely filed petition for review and held that it "is a jurisdictional and not a venue provision.... [I]f the filing in the circuit court is late, there is no jurisdiction to review the decision of the Board." Adkins v. Director, Office of Workers Compensation Programs, 889 F.2d 1360, 1361 (4th Cir.1989). We conclude that Adkins governs the instant petition for review.
 
 
 5
 The Board issued its decision and order affirming the ALJ's denial of Dittrich's benefits application on July 18, 1988. Petitioner had through September 16, 1988 to file with a circuit court her petition for review of the Board's order.
 
 
 6
 Contrary to the clear requirements of 33 U.S.C. Sec. 921(c), on September 9, 1988, petitioner sent to the Board--vice a circuit court--a letter objecting to the denial of her application for survivors' benefits. The Board construed the letter to be petitioner's "written petition praying that the order be modified or set aside." On November 17, 1988, the Board notified the petitioner that it had treated her correspondence as a petition for review, and suggested that she file it with a circuit court. By that date far more than sixty days had elapsed since the Board issued its final order. On December 29, 1988--164 days after the Board filed its final order--the Clerk of Court received from petitioner a copy of her September 9 letter to the Board. The Clerk treated the letter as a petition for review and docketed this case.
 
 
 7
 Our review of the record and the parties' briefs clearly discloses that petitioner Dittrich failed to file a timely petition protecting her rights to judicial review, as required by section 921(c), and that our decision in Adkins is dispositive of this case. Thus, this court lacks subject matter jurisdiction to consider the merits of Dittrich's petition. Accordingly, we grant petitioner's motion to proceed in forma pauperis, but grant respondent's motion to dismiss the petition for lack of subject matter jurisdiction. We find that the dispositive issue has been recently authoritatively decided, that the facts and legal arguments are adequately presented in the parties' briefs and record, and that the decisional process would not be significantly aided by oral argument. Accordingly, we dispense with argument. Fed.R.App.P. 34(a)(2) and (3); Loc.R. 34(a).
 
 
 8
 MOTION TO PROCEED IN FORMA PAUPERIS GRANTED; MOTION TO DISMISS GRANTED.