925 F.2d 1462
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dorothy COOK, (Widow of Arna Lee Cook), Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 89-3761.
 United States Court of Appeals, Sixth Circuit.
 Feb. 22, 1991.
 
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 The appeal has been referred to a panel of the court for consideration of Mrs. Cook's response to this court's order of August 8, 1990, directing her to show cause why the appeal should not be dismissed for lack of jurisdiction. In her response, Mrs. Cook concedes that her petition for review from a decision of the Benefits Review Board was filed late, but she maintains that its untimeliness should be excused because she did not receive prompt notice of the issuance of the Board's Order. Mrs. Cook now moves for leave to proceed in forma pauperis. The Director has replied to Mrs. Cook's response.
 
 
 2
 A review of the record indicates that Benefits Review Board denied Mrs. Cook's application for Black Lung Survivor's benefits on October 13, 1988. Mrs. Cook, however, did not file a petition for review of that decision until August 22, 1989.
 
 
 3
 Pursuant to 33 U.S.C. Sec. 921(c), the petition for review in appeals from the denial of black lung benefits must be filed within sixty days of the issuance of a final order or decision by the Board. Here examination of the Board's service sheet reveals that the decision was issued to an attorney named Gary Dillon. Although Mrs. Cook had filed a pro se petition for review before the Benefits Review Board, Dillon had filed an appearance form with the Board. Therefore, the Board properly served him. Moreover, the Board also issued notice of the decision to Mrs. Cook at her home address. Thus, the Board properly complied with its own regulations. See 20 C.F.R. Secs. 802.410 and 802.403(b); Clay v. Director, OWCP, 748 F.2d 501, 502 (8th Cir.1984). Therefore, the petition for review was untimely.
 
 
 4
 The Board did, at one point, provide inaccurate information concerning the filing of the decision to Mrs. Cook's congressional representative. Although we are sensitive to this mistake, this fact does not control the decision in this case where proper service of the decision was made upon both Mrs. Cook and her counsel.
 
 
 5
 Accordingly, the petition for review is denied for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.