976 F.2d 726
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dorothy HATFIELD, Widow of James Hatfield, Petitioner,
v.
ALLIED-SIGNAL INC; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 92-1134.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 23, 1992
Decided: September 11, 1992
 
 On Petition for Review of an Order of the Benefits Review Board. (89-2365-BLA)
 Dorothy Hatfield, Petitioner Pro Se.
 William T. Brotherton, III, SPILMAN, THOMAS, BATTLE & KLOSTERMEYER, Charleston, West Virginia; Michael John Denney, J. Matthew McCracken, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondents.
 Ben.Rev.Bd.
 DISMISSED.
 Before PHILLIPS, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Dorothy Hatfield petitions for review of a decision of the Benefits Review Board affirming an administrative law judge's denial of black lung survivor's benefits to her. Because Hatfield's Petition was not filed in this Court within sixty days of the Board's decision, we are constrained to dismiss her petition as untimely.
 
 
 2
 The BRB issued its final decision affirming the administrative law judge's denial of benefits on November 22, 1991. Appearing as page 1 of the Department of Labor's submissions is a document indexed as "Benefits Review Board's letter of appeal rights," which is a standard form document clearly setting out the necessity of the receipt of a petition for review "by THE APPROPRIATE COURT (not this Board) WITHIN SIXTY (60) DAYS OF THE DATE STAMPED ON THIS DECISION," the fact that the time limits may not be extended, and providing on the reverse the addresses of the U.S. Courts of Appeal. Ostensibly, another copy of the same document was sent to Mrs. Hatfield.
 
 
 3
 On January 31, 1992, this Court received Hatfield's petition for review, forwarded to it by the Benefits Review Board. The Petition for Review is dated January 2nd, and addressed to this Court. However, Hatfield mistakenly sent her Petition to the Board, in an envelope postmarked January 3rd. The Petition is stamped as received by the Board on January 8, 1992, but was not forwarded to this Court until January 28, 1992.[1] Currently before the Court is Allied-Signal's motion to dismiss Hatfield's appeal as untimely under Fed. R. App. P. 25(a).
 
 
 4
 The applicable filing period for petitions for review to this Court from decisions of the Board is sixty days. See 33 U.S.C. § 921(c) (1988). Hatfield's petition was timely sent to the Board, but arrived at this Court outside the appeal period.
 
 
 5
 "Every circuit that has faced the issue of whether the time limit in § 921(c) is a bar to a late appeal has decided that, if the filing in the circuit court is late, there is no jurisdiction to review the decision of the Board." Adkins v. Director, Office of Workers Compensation Programs, 889 F.2d 1360, 1361 (4th Cir. 1989) (citing cases). Unlike a statute of limitations, the sixty-day period is not subject to estoppel or equitable tolling, see Shendock v. Director, Office of Workers Compensation Programs, 893 F.2d 1458 (3d Cir. 1990) (in banc) (citing cases), and may not be enlarged by this Court. See Fed. R. App. P. 26(b).
 
 
 6
 In Adkins, petitioner timely but mistakenly sent his petition for review to the Board. By the time he learned of his error and sent his petition to the Court, the sixty-day period had expired. This Court rejected Adkins' contention that his timely filing with the Board should render his appeal to the Court timely by analogy to Fed. R. App. P. 4(a),[2] stating
 
 
 7
 If we allow FRAP 4(a) to apply to an appeal from the BRB, then we open the door to the host of other agencies to use the same rule and to disregard the clear language of statutes requiring that notices of appeal be filed within a certain period of time and in the office of a particular court.
 
 
 8
 Adkins, 889 F.2d at 1363. Other circuit courts have also consistently held that a timely filing with the Board may not operate as a timely filing with the circuit court. See Shendock, 893 F.2d at 1458; Mussatto v. Director, Office of Workers Compensation Programs, 855 F.2d 513 (8th Cir. 1988); Bolling v. Director, Office of Workers' Compensation Programs, 823 F.2d 165 (6th Cir. 1987).
 
 
 9
 Hatfield's mistake in mailing her Petition to the Board would not have caused her to lose her right to appeal had the Board not been dilatory in responding to its mail. Unfortunately for Hatfield, BRB's mail handling practices are of no legal moment: Applicable case law permits no exception to the requirement of § 921(c) that appellants file in the appropriate circuit court a petition for review within sixty days of the Board's decision. We therefore grant Allied-Signal's motion to dismiss Hatfield's petition as untimely. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 [1]
 The Board has assured the Court that appropriate measures have been taken to prevent, in the future, similar unreasonable delays in forwarding to the Court petitions mistakenly filed with the Board
 
 
 [2]
 Fed. R. App. P. 4(a) permits notices of appeal mistakenly filed with the circuit court to be treated as filed with the district court