8 F.3d 818
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Phyllis HALL, Petitioner,
v.
BISHOP COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 93-1821.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 27, 1993.
Decided: October 13, 1993.
 
 On Petition for Review of an Order of the Benefits Review Board. (87-176-BLA)
 Phyllis Hall, Petitioner Pro Se.
 Douglas Allan Smoot, Jackson & Kelly, Charleston, West Virginia; Patricia May Nece, Kathleen Mary Bole, United States Department of Labor, Washington, D.C., for Respondents.
 Ben.Rev.Bd.
 DISMISSED.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Phyllis Hall seeks review of the Benefits Review Board's decision denying black lung benefits pursuant to 30 U.S.C.A.ss 901-45 (West 1986 & West Supp. 1992). The applicable filing period for appeals to this Court from decisions of the Board is sixty days. 33 U.S.C. § 921(c) (1988). We have held that the failure to file a petition for review in the Circuit Court within the time period prescribed by § 921(c) deprives this Court of jurisdiction. See Adkins v. Director, Office of Workers' Compensation Programs, 889 F.2d 1360 (4th Cir. 1989).
 
 
 2
 The Board issued its decision dismissing petitioner's appeal on November 30, 1988. Hall did not appeal until July 6, 1993, several years outside the applicable filing period. Hall apparently mistakenly believes that jurisdiction is revived by the Board's issuance of an Order on June 15, 1993. That order stated that the Board's prior order issued in September 1992 acknowledging receipt of Hall's notice of appeal mistakenly failed to recognize that the notice of appeal was merely a duplicate copy of the appeal already dismissed by the Board in 1988, and that the Board therefore lacked jurisdiction to reconsider petitioner's original notice of appeal because its November 1988 decision was final.
 
 
 3
 The Board's order does not provide this Court with jurisdiction to review an appeal which is several years late. We therefore dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED