Benny J. FELT, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS; San Pedro Tomco; State Compensation Insurance Fund, Respondents.

No. 92–70481.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 1993.[*]

Decided Dec. 17, 1993.

---

4. The parties' requests for attorney's fees are denied.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34–4.

Richard Mark Baker, Cantrell, Green, Pekich, Cruz & McCort, Long Beach, CA, for petitioner.

Laura J. Stomski, U.S. Dept. of Labor, Washington, DC, for respondent Director, Office of Workers' Compensation Programs.

William J. Lewis and William J. Landsiedel, Cerritos, CA, for respondents San Pedro Tomco and State Compensation Ins. Fund.

Before: FLETCHER, PREGERSON, and RYMER, Circuit Judges.

## ORDER

Petitioner Benny Felt seeks review of an order of the Benefits Review Board issued on April 23, 1992. The Board affirmed the Administrative Law Judge's denial of Felt's claim for compensation under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950. We do not reach the merits of Felt's petition, as we lack jurisdiction to review it.

■ A petition to review a final determination of the Board must be filed in this court within sixty days. 33 U.S.C. § 921(c). The

sixty-day filing period expired on June 22, 1992, the day that Felt placed his petition in the mail. The Clerk filed Felt's petition on June 29, 1992, sixty-seven days after the Board issued its decision. We therefore ordered Felt to show cause why his petition should not be dismissed as untimely.

In his response to our Order to Show Cause, Felt maintains that he filed his petition on June 22, but admits that he did not receive a return receipt from the Clerk's office until June 26.[1] Felt errs in equating mailing with filing: While the Federal Rules of Appellate Procedure permit the filing of papers by mail, the papers will not be regarded as filed until they are received by the Clerk. Fed.R.App.P. 25(a). Felt's petition is therefore untimely.

■ Although this appears to be an issue of first impression in this circuit, all of the other circuits that have confronted this problem have reached the same conclusion: The sixty-day filing period is a *jurisdictional* requirement. Unless the petition is actually *received* by the court of appeals within this period, the court lacks subject-matter jurisdiction. *See, e.g., Shendock v. Director, OWCP*, 893 F.2d 1458, 1462–64 (3d Cir.) (en banc), *cert. denied*, 498 U.S. 826, 111 S.Ct. 81, 112 L.Ed.2d 53 (1990); *Adkins v. Director, OWCP*, 889 F.2d 1360, 1361–63 (4th Cir.1989); *Brown v. Director, OWCP*, 864 F.2d 120, 121 (11th Cir.1989) (petition was mailed one week before expiration of sixty-day period, but was not received by court until sixty-one days after Board's order); *Mussatto v. Director, OWCP*, 855 F.2d 513, 514 (8th Cir.1988) (per curiam) (petition was received by Board on sixtieth day and forwarded to court, but was not received by court until sixty-ninth day); *Bolling v. Director, OWCP*, 823 F.2d 165 (6th Cir.1987) (per curiam).

■ Unfortunately for Felt, "[e]quitable tolling or estoppel simply is not available when there are jurisdictional limitations." *Shendock*, 893 F.2d at 1466; *see also Brown*, 864 F.2d at 124 (holding that equitable tolling

1. Because the petition was sent to the wrong address, the Clerk did not actually receive it until June 29. However, even if it had been correctly addressed, the petition still would have arrived after the June 22 deadline.

principles do not apply to the filing period under § 921(c)). Nor does the "excusable neglect" escape hatch in Federal Rule of Appellate Procedure 4(a)(5) apply to administrative review statutes such as this one. *Pittston Stevedoring Corp. v. Dellaventura,* 544 F.2d 35, 44 (2d Cir.1976), *aff'd on other grounds sub nom. Northeast Marine Terminal Co. v. Caputo,* 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977); *see also Adkins,* 889 F.2d at 1361.

We must therefore conclude that we have no jurisdiction to hear this case. Accordingly, Felt's petition must be dismissed.

PETITION DISMISSED.