**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SEAWARD MARINE SERVICES,
INCORPORATED,
Petitioner,

v.

No. 96-2661

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondent.

On Petition for Review of an Order
of the Benefits Review Board.
(94-2323)

Submitted: October 28, 1997

Decided: December 4, 1997

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

R. John Barrett, Kelly O. Stokes, VANDEVENTER, BLACK, MER-
EDITH & MARTIN, Norfolk, Virginia, for Petitioner. J. Davitt
McAteer, Acting Solicitor of Labor, Carol A. De Deo, Associate
Solicitor, Arthur F. Rosenfeld, UNITED STATES DEPARTMENT
OF LABOR, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Seaward Marine Services, Incorporated ("Seaward Marine") petitions this court for review of the summary affirmance by the Benefits Review Board ("BRB") of the administrative law judge's ("ALJ") decision denying Seaward Marine's application for relief under 33 U.S.C. § 908(f) (1994), as untimely filed and awarding benefits to claimant under the Longshore and Harborworkers' Compensation Act ("Act"). Because we find that Seaward Marine filed its petition for review after the applicable appeal period expired, we dismiss the appeal for lack of jurisdiction.

Parties aggrieved by a decision of the BRB have sixty days to file a petition for review in the court of appeals. See 33 U.S.C. § 921(c) (1994). We have held that § 921(c) is jurisdictional and requires that the petition for review be filed in the clerk's office of the court within sixty days of the BRB's decision. See Adkins v. Director, Office of Workers' Compensation Programs, 889 F.2d 1360, 1361-63 (4th Cir. 1989).

On September 12, 1996, the BRB sent the parties a notice stating that all appeals to the BRB relating to claims under the Act which were pending before the BRB for more than one year shall, if not acted upon before September 12, 1996, be considered affirmed by the BRB. See Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, § 101(d), 110 Stat. 1321, 1321-219. Seaward Marine's appeal met these criteria, and the BRB informed the parties that the ALJ's decision had been effectively affirmed by the BRB on September 12, 1996, for purposes of their rights to obtain review in this court. Because the BRB issued its notice on September 12, 1996, the sixty-day appeal period expired on November 12, 1996.* Seaward Marine's petition for review was filed in this court

_____

*The 60th day fell on November 11, 1996, a legal holiday. Under Fed. R. App. P. 26(a), the parties had an additional day to file a petition for review.

2

on November 13, 1996--one day outside the applicable sixty-day period. We therefore find that the petition for review is untimely.

Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument based on our prior order granting the motion to submit the case on briefs.

<u>DISMISSED</u>

3