**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1573**

KAREN COX, Widow of George B. Cox, IV,

       Petitioner,

    v.

POND CREEK MINING COMPANY; DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,

       Respondents.

On Petition for Review of an Order of the Benefits Review Board.
(05-6241-BLA; 08-0321-BLA)

Submitted: September 22, 2009      Decided: November 6, 2009

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Karen Cox, Petitioner Pro Se. Waseem Karim, JACKSON KELLY,
PLLC, Lexington, Kentucky, William Steele Mattingly, JACKSON
KELLY, PLLC, Morgantown, West Virginia; Steven D. Breeskin,
Jeffrey Steven Goldberg, UNITED STATES DEPARTMENT OF LABOR,
Washington, D.C., for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Karen S. Cox (Cox), seeks to appeal the Benefits Review Board's (Board) decision affirming the Administrative Law Judge's decision denying survivor's black lung benefits, and the Board's subsequent decision denying reconsideration. We dismiss the appeal for lack of jurisdiction.

In a black lung benefits case, a party seeking review of a decision and order issued by the Board must file a petition for review in the court of appeals "for the circuit in which the injury occurred," within sixty days after the order is issued. 33 U.S.C. § 921(c) (2006). The sixty-day period for seeking review is jurisdictional, and a petition for review must be filed with the clerk of this court to stop the running of this period. Adkins v. Dir., Office of Workers' Comp. Programs, 889 F.2d 1360, 1363 (4th Cir. 1989). "[T]he sixty day filing period begins to run with the filing of a Board opinion with the Clerk of the Board." Mining Energy, Inc. v. Dir., Office of Workers' Comp. Programs, 391 F.3d 571, 575-76 (4th Cir. 2004).

In this case, the Board's decision was issued and served on the parties on December 16, 2008. Cox filed a request for reconsideration with the Board on January 22, 2009. This request was not timely filed, however, and did not serve to toll the sixty-day period for filing a petition for review in this court. See 20 C.F.R. § 802.406, .407 (2009) (establishing

2

thirty-day period for requesting reconsideration by the Board and providing that timely reconsideration request tolls period for filing petition for review).  Absent tolling, the sixty-day period for filing the petition for review expired on February 17, 2009.  Cox's petition for review was not filed until May 18, 2009.

Although Cox's petition was filed within sixty days of the Board's order denying her request for reconsideration, that order is not reviewable.  Betty B. Coal Co. v. Dir., Office of Workers' Comp. Programs, 194 F.3d 491, 495-96 (4th Cir. 1999). We therefore dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED