**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-2130**
_____

MARGIE ALLEN, widow of Arvil L. Allen,

       Petitioner,

       v.

WELLMORE COAL CORPORATION; DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

       Respondents.

_____

On Petition for Review of an Order of the Benefits Review Board
(BRB No. 10-0568 BLA).

_____

Submitted: April 19, 2012         Decided: April 24, 2012

_____

Before NIEMEYER, SHEDD, and FLOYD, Circuit Judges.

_____

Petition dismissed by unpublished per curiam opinion.

_____

Margie Allen, Petitioner Pro Se.  Ronald Eugene Gilbertson,
HUSCH BLACKWELL, LLP, Washington, D.C.; Jeffrey Steven Goldberg,
Patricia May Nece, UNITED STATES DEPARTMENT OF LABOR,
Washington, D.C., for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Margie Allen seeks to petition this court for review of the decision and order of the Benefits Review Board ("Board") affirming the Administrative Law Judge's decision and order denying survivor's benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945 (2006), and the Board's order summarily denying reconsideration. We dismiss the petition for review for lack of jurisdiction.

To the extent that Allen petitions for review of the Board's denial of her motion for reconsideration, the Board's summary denial is unreviewable. See Betty B Coal Co. v. Dir., Office of Workers' Comp. Programs, 194 F.3d 491, 496 (4th Cir. 1999) ("Where a party petitions an agency for reconsideration on the ground of material error, i.e., on the same record that was before the agency when it rendered its original decision, an order which merely denies rehearing is not itself reviewable.") (internal quotation marks, brackets, and ellipses omitted).

Turning to the underlying Board decision and order affirming the denial of benefits, we conclude that Allen failed to timely file a petition for review of that decision. The Board's decision becomes final sixty days after it is issued unless a claimant files a petition for review with this court or files a timely motion for reconsideration with the Board. 20 C.F.R. § 802.406 (2012). The claimant's motion for

2

reconsideration is timely if it is filed within thirty days of the Board's order. 20 C.F.R. § 802.407(a) (2012). If the claimant files a timely motion for reconsideration, the sixty-day period will run from the Board's decision on reconsideration. 20 C.F.R. § 802.406. The sixty-day period for filing a petition for review from a Board order is jurisdictional. Adkins v. Dir., Office of Workers' Comp. Programs, 889 F.2d 1360, 1363 (4th Cir. 1989).

Here, the Board's order was entered on June 21, 2011, and Allen filed her motion for reconsideration with the Board on July 22, 2011, one day beyond the thirty-day limit for filing such a motion. See 20 C.F.R. § 802.407(a). Thus, Allen's motion for reconsideration did not toll the sixty-day period for filing a petition for review in this court, and Allen was required to file her petition no later than August 22, 2011.[*] Allen did not file her petition until October 14, 2011.

Because Allen failed to file a timely petition for review of the underlying Board decision and order, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*] Because the sixtieth day fell on a Saturday, Allen had until Monday, August 22, to file her petition for review. See 20 C.F.R. § 802.221 (2012).

3

materials before the court and argument would not aid the decisional process.

PETITION DISMISSED