**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 14-2012

_____

COASTAL COAL-WEST VIRGINIA, LLC,

            Petitioner,

      v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; RICHARD L. MILLER,

            Respondents.

_____

On Petition for Review of an Order of the Benefits Review Board.
(13-0213 BLA)

_____

Submitted:  April 28, 2015              Decided:  May 12, 2015

_____

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Petition dismissed by unpublished per curiam opinion.

_____

Jeffrey R. Soukup, JACKSON KELLY PLLC, Lexington, Kentucky, for
Petitioner.  Otis R. Mann, Jr., Charleston, West Virginia; Sean
Gregory  Bajkowski,  UNITED  STATES  DEPARTMENT  OF  LABOR,
Washington,  D.C.;  Helen  Hart  Cox,  OFFICE  OF  WORKERS'
COMPENSATION PROGRAMS, Washington, D.C., for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Coastal Coal-West Virginia ("Employer") petitions this court for review of the Benefits Review Board's ("Board") orders affirming the Administrative Law Judge's ("ALJ") order awarding former miner Richard L. Miller benefits under the Black Lung Benefits Act ("Act"), 30 U.S.C. §§ 901-945 (2012), and denying its motion for reconsideration and rehearing en banc. We dismiss the petition for lack of jurisdiction.

Our jurisdiction to review the Board's final orders is defined by statute:

> Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside.

33 U.S.C. § 921(c) (2012); see 20 C.F.R. § 802.406 (2014). If, however, the aggrieved party files a timely motion for reconsideration of the Board's order, the sixty-day period runs from the Board's disposition of that motion. 20 C.F.R. § 802.406. To be timely, a motion for reconsideration must be filed within thirty days after issuance of the Board's decision. 20 C.F.R. § 802.407 (2014). The sixty-day period for seeking review of the Board's order in this court is jurisdictional. Adkins v. Dir., Office of Workers' Comp. Programs, 889 F.2d 1360, 1363 (4th Cir. 1989).

In this case, the Board issued its order affirming the ALJ's award of benefits on December 23, 2013. Employer did not file its motion for reconsideration until January 24, 2014, two days after expiration of the thirty-day reconsideration period. Thus, Employer's motion did not toll the sixty-day period for filing a petition for review in this court, and Employer's petition for review, dated September 25, 2014, was filed more than seven months beyond expiration of the sixty-day period. As a result of Employer's untimely filing, we lack jurisdiction to review the Board's order affirming the ALJ's award of benefits.

Additionally, to the extent that Employer seeks review of the Board's order denying reconsideration — the only order for which the petition for review was timely — that order is not reviewable by this court. Betty B Coal Co. v. Dir., Office of Workers' Comp. Programs, 194 F.3d 491, 496 (4th Cir. 1999) (stating that an order of the Board that merely denies reconsideration is not reviewable).

Accordingly, we dismiss Employer's petition for review for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED

3