**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1683**

ROGER K. MCVEY,

       Petitioner,

       v.

S.S. JOE BURFORD, INCORPORATED; WEST VIRGINIA COAL WORKERS'
PNEUMOCONIOSIS FUND; DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF
LABOR,

       Respondents.

On Petition for Review of an Order of the Benefits Review Board.  (16-0303-BLA)

Submitted:  August 17, 2017               Decided:  August 21, 2017

Before KEENAN, THACKER, and HARRIS, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Roger K. McVey, Petitioner Pro Se.  Ashley M. Harman, JACKSON KELLY PLLC,
Morgantown, West Virginia, Rita A. Roppolo, Gary K. Stearman, U.S. DEPARTMENT
OF LABOR, Washington, D.C., for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger K. McVey seeks review of the Benefits Review Board's (Board) decision affirming the Administrative Law Judge's decision and order denying black lung benefits, and the Board's subsequent decision denying reconsideration. We dismiss the petition for appeal for lack of jurisdiction.

A party seeking review of a decision and order issued by the Board in a black lung benefits case must petition for review in the court of appeals within 60 days after the order is issued. 33 U.S.C. § 921(c) (2012). The 60-day period for seeking review is jurisdictional, and a petition for review must be filed with the clerk of this court to stop the running of the period. *Adkins v. Dir., Office of Workers' Comp. Programs*, 889 F.2d 1360, 1363 (4th Cir. 1989). The period "begins to run with the filing of a Board opinion with the Clerk of the Board." *Mining Energy, Inc. v. Dir., Office of Workers' Comp. Programs*, 391 F.3d 571, 575 (4th Cir. 2004) (emphasis omitted).

Here, the Board's decision was issued and served on the parties on December 30, 2016. McVey filed a request for reconsideration with the Board on February 8, 2017. This request was not timely filed, however, and did not serve to toll the 60-day period for filing a petition for review in this court. *See* 20 C.F.R. §§ 802.406, 802.407 (2016) (establishing 30-day period for requesting reconsideration by Board and providing that timely reconsideration request tolls period for filing petition for review). Absent tolling, the 60-day period for filing the petition for review expired on February 28, 2017. McVey's petition for review was not filed until May 30, 2017.

2

Although McVey's petition was filed within 60 days of the Board's order denying his request for reconsideration, that order is not reviewable. *Betty B. Coal Co. v. Dir., Office of Workers' Comp. Programs*, 194 F.3d 491, 496 (4th Cir. 1999). We therefore grant McVey's motion to seal but dismiss the petition for appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*