Gordon B. **SKINNER**, Appellant,

v.

Edward J. **DERWINSKI**, Secretary of Veterans Affairs, Appellee.

No. 89–150.

United States Court of Veterans Appeals.

Submitted Dec. 26, 1989.

Decided Jan. 29, 1990.

As Amended Jan. 30, 1990.

Gordon B. Skinner, pro se.

 

No appearance was entered on behalf of the Secretary of Veterans Affairs.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

NEBEKER, Chief Judge:

Appellant, Gordon B. Skinner, has noted an appeal from the Board of Veterans' Appeals' (BVA) denial of his claim for service connected benefits relating to arthritis in his left knee. We dismiss for lack of jurisdiction.

From the Notice of Appeal the following dispositive facts appear: Claimant filed a Notice of Disagreement on February 16, 1988, objecting to the decision of the Department of Veterans Affairs Regional Office. The BVA reviewed claimant's case and mailed notice of its decision on December 20, 1989. Claimant filed his Notice of Appeal with this Court on December 26, 1989.

The United States Court of Veterans Appeals derives its appellate jurisdiction exclusively from the statutory grant of authority provided by Congress in the Court's enabling legislation. *See* Veterans' Judicial Review Act, Pub.L. No. 100–687, title III.

The Act provides, "The United States Court of Veterans Appeals shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals." Pub.L. No. 100–687, title III, § 4052(a). However, the Act limited the Court's jurisdiction to cases in which a Notice of Disagreement is filed *on or after November 18, 1988*, by providing that the Veterans' Judicial Review Act "shall apply with respect to any case in which a notice of disagreement is filed ... on or after the date of the enactment of this Act [November 18, 1988]." Pub.L. No. 100–687, title IV, § 402.

It is rudimentary law that in order for any court inferior to the Supreme Court of the United States to exercise jurisdiction it must have been supplied by an act of Congress. *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2006, 104 L.Ed.2d 593 (1989) (citing *The Mayor v. Cooper*, 73 U.S. (6 Wall.) 247, 252, 18 L.Ed. 851 (1868)). This proposition applies with equal force to courts created under both Article III and Article I of the United States Constitution. As early as 1807 the Supreme Court noted that "courts which are created by written law, and whose jurisdiction is defined by written law, cannot transcend that jurisdiction." *Id.* 109 S.Ct. at 2005 (citing *Ex parte Bollman*, 8 U.S. (4 Cranch) 75, 93, 2 L.Ed. 554 (1807)). More recently, the Supreme Court noted that courts may not in any case, even in the interest of justice, extend their jurisdiction where none exits. *Christianson v. Colt Industries Operating Co.*, 486 U.S. 800, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988).

The jurisdiction conferred upon the United States Court of Veterans Appeals is expressly limited to claims where the Notice of Disagreement was filed on or after November 18, 1988. In the present case, appellant's Notice of Disagreement was filed on February 16, 1988. Because the Notice of Disagreement predates November 18, 1988, the Court is without jurisdiction to review the decision of the BVA.

Accordingly, the appeal is dismissed for lack of jurisdiction.