**John ELSEVIER, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–436.**

United States Court of Veterans Appeals.

Submitted Oct. 23, 1990.

Decided Feb. 28, 1991.

John Elsevier, pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela I. Wood, Deputy Asst. Gen. Counsel, and David W. Engel, Washington, D.C., were on the pleadings, for appellee.

Before FARLEY, MANKIN and IVERS, Associate Judges.

MANKIN, Associate Judge:

Appellee moves to dismiss the appeal of John Elsevier on the grounds that appellant's untimely filing of a Notice of Appeal (NOA) deprives this Court of jurisdiction. We dismiss for lack of jurisdiction.

### I.

Appellant was mailed notice of the Board of Veterans' Appeals (BVA) decision in his case on December 29, 1989. On April 2, 1990, appellant sent a letter to the BVA expressing an intent to appeal. The letter began, "[i]n the above mentioned case please be advised that I'm appealing your decision...." Not until May 1, 1990, did

the BVA inform appellant that his letter of April 2 should have been addressed to this Court. By that time the 120–day time limit for filing appellant's Notice of Appeal in this Court had elapsed. On May 21, 1990, this Court received a letter from appellant. That letter asked the Court to consider the enclosed letter from the BVA of May 1, 1990, and his letter to the BVA of April 2, 1990. Appellant went on to say that his letter of April 2 was sent to the BVA instead of this Court "through confusion." On June 11, 1990, the Court received another letter from him wherein he set out in detail the issues upon which he wished to base an appeal.

## II.

This Court has held that "[t]he timely filing of a notice of appeal is 'mandatory and jurisdictional'." *Torres v. Derwinski*, 1 Vet.App. 15, 17 (1990) (quoting *United States v. Robinson*, 361 U.S. 220, 224, 229, 80 S.Ct. 282, 285, 288, 4 L.Ed.2d 259 (1960)). Neither appellant's letter of May 21, nor his letter of June 11, were received by this Court within 120 days of the mailing of the BVA decision. " '[T]o be timely filed, the Notice of Appeal must be *received* by the Clerk' of the Court within 120 days after the date on which notice of the BVA's decision was mailed." *Id.* at 17 (quoting U.S.Vet.App.R. 4 (Interim)). To the same effect 38 U.S.C. § 4066(a) (1988), provides:

In order to obtain review in the Court of Veterans Appeals of a final decision of the [BVA], a person adversely affected by that action must file a[n] [NOA] with the Court. Any such notice must be filed within 120 days after the date on which notice of the decision is mailed pursuant to section 4004(e) of this title.

While we regard it as an ineluctable conclusion that to be properly filed the NOA must be physically received by this Court, there are aberrant decisions which might seem to suggest otherwise. Those decisions are based upon an extension of the constructive receipt concept, which is applicable to appeals from district court, to appeals from agency actions. NOA's from federal district court decisions are filed in the district court which rendered the decision to be appealed. Fed.R.App.P. 4(a)(1) provides in part:

If a[n] [NOA] is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date on which it was received and transmit it to the clerk of the district court and it shall be deemed filed in the district court on the date so noted.

In contrast, appeals from agency actions are typically filed in the courts of appeals. A few courts, most notable the Eleventh Circuit in *Boggs v. United States R.R. Retirement Bd.*, 725 F.2d 620 (11th Cir.1984), have held that a Petition for Review of an agency action mistakenly filed in the district court is constructively received by the appeals court. One unpublished decision went so far as to extend this analogy to a mistaken filing with the agency. *White v. Director, Office of Workers' Comp. Programs, United States Dep't of Labor*, 865 F.2d 1262 (4th Cir.1988) (text in WEST-LAW). This is essentially the same situation which developed when the BVA received appellant's letter of April 2, 1990. Any precedent that *White* may have created, however, was lost when the Fourth Circuit in *Adkins v. Director, Office of Workers['] Comp. Programs, United States Dep't of Labor*, 889 F.2d 1360 (4th Cir.1989), held *White* "not persuasive" and "decline[d] to follow it." *Id.* at 1363. Moreover, we believe the better view was expressed by the Fifth Circuit in *Nutt v. Drug Enforcement Admin.*, 916 F.2d 202 (5th Cir.1990). The Fifth Circuit characterized even the more modest *Boggs* extension as flawed for failing to take proper account of Fed.R.App.P. 15 and 20. Appeals from agency actions are governed by Rule 15 which does not contain the constructive receipt concept of Rule 4(a). Rule 20 appears to expressly prohibit the extension of Rule 4(a) allowed in *Boggs* by stating, "[a]ll provisions of these rules are applicable to review or enforcement of orders of agencies, except that Rules 3–14 and rules 22 and 23 are not applicable." Analogies drawn from Rule 4(a) are even less appro-

priate in this Court, since we have adopted Interim Rules which contain no parallel to Fed.R.App.P. 4(a).

A series of decisions involving the Benefits Review Board have addressed factual situations analogous to that which we now confront. These decisions have consistently concluded that the receipt of an NOA by an agency does not provide an appeals court with jurisdiction. In *Shendock v. Director, Office of Workers' Comp. Programs*, 893 F.2d 1458 (3d Cir.1990) (en banc), *cert. denied*, —— U.S. ——, 111 S.Ct. 81, 112 L.Ed.2d 53 (1990), the Third Circuit held that such a misfiling did not satisfy the requirement that the NOA be filed with the appeals court within the statutorily imposed time limit. The court noted that this was a "harsh outcome ... for which [the agency] itself bears considerable responsibility...." *Shendock*, 893 F.2d at 1466. The Fourth Circuit reached the same result in *Adkins*. The *Adkins* court noted that a contrary rule would "disregard the clear language of statutes requiring that notices of appeal be filed within a certain period of time and in the office of a particular court. Such a rule would create great confusion...." *Adkins*, 889 F.2d at 1363. The Sixth, Eighth, and Eleventh Circuits are in accord. *Bolling v. Director, Office of Workers' Comp. Programs, United States Dep't of Labor*, 823 F.2d 165 (6th Cir.1987); *Mussatto v. Director, Office of Workers' Comp. Programs, United States Dep't of Labor*, 855 F.2d 513 (8th Cir.1988); *Cooley v. Director, Office of Workers' Comp. Programs, United States Dep't of Labor*, 895 F.2d 1301 (11th Cir.1990).

### III.

Having determined that appellant's NOA was not filed within 120 days of the BVA decision as required by 38 U.S.C. § 4066(a), we now must now determine whether any equitable doctrine is applicable which can toll or extend the time limit for filing appellant's NOA.

### A.

The Court's attention has been invited to *Irwin v. Veterans Admin.*, —— U.S. ——, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), a Supreme Court decision handed down after this case was submitted. The decision in *Irwin* is binding authority in this appeal: "an appellate court must apply the law in effect at the time it renders its decision." *Thorpe v. Housing Auth. of Durham*, 393 U.S. 268, 281, 89 S.Ct. 518, 526, 21 L.Ed.2d 474 (1969); *see also Bradley v. Richmond School Bd.*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974).

In *Irwin* the petitioner had filed a complaint in district court alleging that her termination by VA was motivated by racial discrimination. The complaint was filed more than 30 days after the Equal Employment Opportunities Commission (EEOC) had dismissed petitioner's complaint and provided petitioner with a Right To Sue letter. The Fifth Circuit determined that 42 U.S.C. § 2000e–16(c) (1988) was an absolute jurisdictional bar to complaints not filed within 30 days of the EEOC decision. *Irwin v. Veterans' Admin.*, 874 F.2d 1092, 1093 (5th Cir.1989), *aff'd on other grounds*, —— U.S. ——, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Rather than simply refuting the Fifth Circuit's view that § 2000e–16(c) was a jurisdictional barrier, the Supreme Court stated in *Irwin* that "[w]e think that this case affords us an opportunity to adopt a more general rule to govern the applicability of equitable tolling in suits against the Government." *Irwin*, 111 S.Ct. at 457. The Supreme Court expressed dissatisfaction (*id.*) with a prior decision of that Court, *Soriano v. United States*, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957), which had denied the application of equitable tolling in an Article I Court. "[M]aking the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver [of sovereign immunity]." *Irwin*, 111 S.Ct. at 457. The Supreme Court then determined that the facts of the petitioner's case did not merit the application of equitable tolling. *Id.* at 458. From all of this we conclude that *Irwin* makes the rule of equitable tolling

applicable to the 120–day time limit of 38 U.S.C. § 4066(a) for filing an NOA with this Court. *But see Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir.1990) (in one of the few opinions to have yet cited *Irwin*, Judge Posner appears to have concluded that jurisdictional statutes may not be tolled).

Although the rule of equitable tolling has been made potentially applicable as a matter of law to the 120–day statutory period, each case must be reviewed to determine whether, in fact, there is a basis for equitable tolling. Equitable tolling applies where "despite all due diligence [plaintiff] is unable to obtain vital information bearing on the existence of his claim.... [Equitable tolling] does not assume a wrongful—or any—effort by the defendant to prevent the plaintiff from suing." *Cada*, 920 F.2d at 451 (citations omitted); *but see Stark v. Dynascan Corp.*, 902 F.2d 549, 551 (7th Cir.1990) (" 'To invoke equitable tolling, the plaintiff must therefore show that the defendant attempted to mislead him and that the plaintiff reasonably relied on the misrepresentation by neglecting to file a timely charge.' ") (quoting *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir.1987), *cert. denied*, 486 U.S. 1044, 108 S.Ct. 2037, 100 L.Ed.2d 621 (1988)).

Equitable tolling is granted "only in extraordinary and carefully circumscribed instances." *Mondy v. Secretary of the Army,*. 845 F.2d 1051, 1057 (D.C.Cir.1988); *see English*, 828 F.2d at 1049; *see generally Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam). Had appellant not assumed that filing his NOA with the BVA was sufficient, he could have readily determined that his NOA must be filed with this Court to be effective. Indeed, the notice of appellate rights printed as an appendix to the BVA decision identifies this Court as the court in which appellant is entitled to an appeal. "[P]rinciples of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin*, 111 S.Ct. at

458. Appellant's only real argument favoring equitable tolling is that he was unaware of the proper procedure to file an appeal. "[I]gnorance of the law is not enough to invoke equitable tolling." *School Dist. of Allentown v. Marshall*, 657 F.2d 16, 21 (2d Cir.1981); *see also Chadwick v. Derwinski*, 1 Vet.App. 74, 76 (1990) (BVA has no duty to forward misfiled NOA's). We therefore conclude that here, as in *Irwin*, there is no basis for tolling the 120–day time limit of 38 U.S.C. § 4066(a).

### B.

Another equitable doctrine used by the courts to avoid the harsh effects of a time limitation is equitable estoppel. The courts are widely split over whether to characterize equitable estoppel as a tolling doctrine. *Compare Irwin*, 111 S.Ct. at 458 n. 4 (the Court cites a case decided on the basis of equitable estoppel, *Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959), as an example of a case where tolling was allowed) *and Cada*, 920 F.2d at 450–51 (discussing the two tolling doctrines, equitable tolling and equitable estoppel) *and Rivera–Gomez v. de Castro*, 900 F.2d 1, 2 n. 2 (1st Cir.1990) (noting that there are two tolling doctrines, one of which being equitable estoppel) *and Heideman v. PFL, Inc.*, 710 F.Supp. 711, 717 (W.D.Mo.1989) (same), *aff'd on other grounds*, 904 F.2d 1262 (8th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 676, 112 L.Ed.2d 668 (1991) *and Price v. Litton Business Sys., Inc.*, 694 F.2d 963, 965 (4th Cir.1982) (discussing the requirements for tolling on the basis of equitable estoppel) *and Kriegesmann v. Barry–Wehmiller Co.*, 739 F.2d 357, 358–59 (8th Cir.1984) (same), *cert. denied*, 469 U.S. 1036, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984) *and United Nat'l Records, Inc. v. MCA, Inc.*, 609 F.Supp. 33, 40 n. 2 (N.D.Ill.1984) (fact issue exists over whether plaintiff may toll the limitations period under the doctrine of equitable estoppel) *and Vasconcellos v. EG & G, Inc.*, 131 F.R.D. 371, 372 (D.Mass.1990) ("It is undisputed that the doctrines of equitable tolling and equitable estoppel

may be employed to suspend the statute of limitations in an ADEA case.") *with Cange v. Stotler and Co.*, 913 F.2d 1204, 1209 (7th Cir.1990) (equitable estoppel is not concerned with the running or suspension of the limitations period) *and Begay v. Hodel*, 730 F.Supp. 1001, 1011 (D.Ariz.1990) (same). The facts of this case do not require us to express a preference for either of these conflicting approaches.

 Equitable estoppel may be used to prevent the running of a time limit where the defendant's conduct has caused plaintiff to delay, in reasonable reliance on that conduct, in bringing his action. *See Vadino v. A. Valey Eng'rs*, 903 F.2d 253, 263 (3d Cir.1990). Appellant, in response to the Court's Order to Show Cause why his appeal should not be dismissed, justifiably complains of the BVA's one-month delay in informing him that his NOA had been mailed to the wrong address. This appears to argue that the Secretary should be estopped by the silence of the BVA from asserting that Mr. Elsevier's appeal is time barred. We do not believe that the application of equitable estoppel is appropriate in this case. *See Office of Personnel Management v. Richmond*, — U.S. —, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990) (the government may rarely if ever be estopped); *see also Studiengesellschaft Kohle, m.b.H. v. Dart Indus.*, 726 F.2d 724, 729 (Fed.Cir.1984) ("something more than simple silence must be shown to support an estoppel ...").

### IV.

The Court assumes (in the absence of evidence to the contrary) that the BVA's failure to promptly notify Mr. Elsevier that his NOA had been misfiled was simply the result of carelessness and was not an intentional effort to defeat Mr. Elsevier's right to an appeal in this Court. Though we are disappointed in the performance of the BVA in this respect, "[p]rocedural requirements ... for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin*, 466 U.S. at 152, 104

S.Ct. at 1726. When this Court stated in *Chadwick v. Derwinski*, 1 Vet.App. at 76, that the BVA had no duty to forward NOA's to this Court, we did not mean to suggest that the BVA should remain silent when a party wishing to appeal mistakenly files his NOA with the BVA.

*This Appeal is dismissed for lack of jurisdiction.*