Richard B. LANGSTON, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–1294.

United States Court of Veterans Appeals.

May 16, 1991.

240

## ORDER

STEINBERG, Associate Judge.

The Court has considered: (1) appellant's Notice of Appeal (NOA), which was filed on October 15, 1990, wherein he relates that he is seeking review of a Board of Veterans' Appeals (BVA) decision with a mailing date of June 8, 1990; and (2) appellant's response, which was filed on February 4, 1991, to the Court's order directing him to show cause why the appeal should not be dismissed as untimely filed. Appellant stated that the NOA was mailed on October 9, 1990, and that it may have been received untimely because of intervening holidays.

 To be timely filed under this Court's rules (U.S.Vet.App.R. 4 (Interim)) and precedents construing 38 U.S.C. § 4066(a) in a way with which this Judge is not in agreement, an NOA must be actually received by the Court within 120 days after the BVA decision is mailed to an appellant. *See Elsevier v. Derwinski,* 1 Vet.App. 150,

151–152 (1991); *Torres v. Derwinski,* 1 Vet.App. 15, 16 (1990). This Court's jurisdiction derives exclusively from statutory grants of authority provided by Congress, and this Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *see also Skinner v. Derwinski,* 1 Vet.App. 2 (1990). In this case, the 120th countable day after the June 11, 1990, presumed mailing date of the BVA decision (*see Sandine v. Derwinski,* 1 Vet.App. 26 (1990) and the Secretary's response thereto filed Sept. 10, 1990) was October 9, 1990, the day on which the NOA was mailed. Since this appeal was not filed within 120 days after the date on which the BVA mailed its decision to appellant, it was untimely under the current state of this Court's law. However, in *Irwin v. Veterans Admin.,* — U.S. ——, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990), the Supreme Court extended "the principles of equitable tolling" to cases where the United States is a party but held that those "principles ... do not extend to what is at best a garden variety claim of excusable neglect." In *Elsevier,* 1 Vet.App. at 154, this Court concluded that "the rule of equitable tolling [is] applicable to the 120–day time limit of 38 U.S.C. § 4066(a)".

After consideration of appellant's statements, this Court finds that the case does not present the extraordinary and carefully circumscribed conditions necessary to warrant equitable tolling under *Irwin* and *Elsevier,* 1 Vet.App. at 154. *See also Schreiner v. Derwinski,* U.S.Vet.App. No. 90–1127 (Mar. 1, 1991) (per curiam order). Accordingly, it is

ORDERED that this appeal is dismissed for lack of jurisdiction.