**Robert D. JENNINGS, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–1474.

United States Court of Veterans Appeals.

Dec. 10, 1991.

David B. Wiles, Portland, Or., for appellant.

Before FARLEY, Associate Judge.

### ORDER

Appellant's Notice of Appeal (NOA), which was filed in this Court on August 29, 1991, indicated that the Board of Veterans' Appeals (BVA or Board) decision sought to be appealed was mailed on April 30, 1991. Since it appeared that the appellant had failed to file a NOA within the required 120 days after the date on which notice of the decision was mailed, by order dated September 11, 1991, the Court ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.

Appellant filed a response on October 11, 1991. Appellee filed a motion for an extension of time to file the designation of record; appellee's motion was granted on October 30, 1991. Subsequently, on November 13, 1991, appellant submitted to the Court an "Addendum" to appellant's response. On November 20, 1991, appellant filed a motion for leave to file the November 13, 1991, addendum. The motion for leave to file will be granted. The addendum consists of a copy of a BVA decision, in *another* case, accompanied by the transmittal envelope bearing a postmark one day later than that of the BVA decision.

Appellant essentially raises two separate arguments: that the BVA decision may not have actually been mailed on April 30, 1991; and that the Court did not file the NOA on the date it was actually received because of a bureaucratic error. As to the date of mailing of the BVA decision, appellant submitted evidence which showed only that the envelope transmitting a BVA decision to another claimant bore a date different from the date of decision on appellant's BVA decision. No evidence was submitted with respect to the mailing of the BVA decision giving rise to this appeal. As to the date of receipt by the Court of the NOA, appellant proffered evidence that the NOA was sent on August 23, 1991, and that a copy was received by the Department of Veterans Affairs General Counsel on August 28, 1991. Again, no evidence was submitted with respect to the receipt of the appellant's NOA by the Court.

■ The ultimate burden of establishing jurisdiction rests with an appellant. *McNutt v. G.M.A.C.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1935). To be timely filed under Rule 4 of this Court's Rules of Practice and Procedure and precedents construing 38 U.S.C. § 7266(a) (formerly 38 U.S.C. § 4066(a)), an NOA must, in fact, be received by the Court within 120 days after the BVA decision is mailed to an appellant. *See Elsevier v. Derwinski*, 1 Vet.App. 150, 152 (1991); *Torres v. Derwinski*, 1 Vet. App. 15, 16 (1990). This Court's jurisdiction derives exclusively from statutory grants of authority provided by Congress, and this Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *see also*

*Skinner v. Derwinski,* 1 Vet.App. 2 (1990); *Machado v. Derwinski,* 928 F.2d 389 (Fed. Cir.1991) ("Section [7266(a)] plainly makes compliance with the 120–day limit a prerequisite to Veterans Court review and does not authorize the court to extend the time.").

■ Appellant's appeal was processed in the normal course of business—a process which is entitled to the presumption of administrative regularity in the absence of evidence to the contrary. *See Morris v. Sullivan,* 897 F.2d 553, 560 (D.C.Cir.1990) (quoting *United States v. Chemical Foundation,* 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926) ("The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.") Thus, in the absence of evidence demonstrating that the BVA decision was not mailed on the date of the decision or evidence of a return receipt showing a date other than that as recorded as "received" by the Court, it is presumed the NOA was, in fact, received on August 29, 1991. We conclude that appellant's arguments are premised only upon speculation and that appellant has not met the burden of demonstrating that the NOA was filed within 120 days from the date of mailing of the notice of the BVA decision.

■ Appellant also asserted that he is entitled to equitable tolling of the statutory time limit because "[a]ppellant's Notice of Appeal was placed in the U.S. Mail [on August 23, 1991,] with ample time in the normal course of business to be delivered and filed with the Court ..." Appellant argued that his "efforts" and "reliance upon the U.S. Mail" are extraordinary conditions which warrant equitable tolling. In *Irwin v. Veterans Admin.,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), the Supreme Court extended "the principles of equitable tolling" to cases where the United States is a party but held that those "principles ... do not extend to what is at best a garden variety claim of excusable neglect." 111 S.Ct. at 458. In *Elsevier,* this Court concluded that "the rule of equi-table tolling [is] applicable to the 120–day time limit of 38 U.S.C. § 4066(a)". 1 Vet. App. at 153–54. "Equitable tolling applies where 'despite all due diligence [plaintiff] is unable to obtain vital information bearing on the existence of his claim....'" *Id.* (citing *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 451 (7th Cir.1990)). "Equitable estoppel may be used to prevent the running of a time limit where the defendant's conduct has caused plaintiff to delay ... in bringing the action." *Id.,* at 155. Neither circumstance appears in this case.

Appellant had all required information and knew of the § 7266(a) requirement for timely filing. There was no effort or lack of effort by the Court to cause or prevent the appellant from filing a timely appeal. This Court finds that the case here does not present the extraordinary and carefully circumscribed conditions necessary to warrant equitable tolling under *Irwin* and *Elsevier.*

Accordingly, it is

ORDERED that appellant's motion to file an addendum to appellant's response to show cause is GRANTED; it is further

ORDERED that this appeal is dismissed for lack of jurisdiction.