George Peter BURTON, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–886.

United States Court of Veterans Appeals.

Jan. 2; 1992.

As Amended Jan. 14, 1992.

**50**

Before STEINBERG, Associate Judge.

## ORDER

On July 25, 1991, the Secretary of Veterans Affairs submitted a motion to dismiss this appeal as untimely filed. The motion was supported by a preliminary record which reflects that the Board of Veterans' Appeals (BVA or Board) mailed its decision to appellant on January 23, 1991. Appellant filed his Notice of Appeal (NOA) in this Court on May 28, 1991, 125 days after the mailing of the Board's decision. On September 16, 1991, the Court ordered appellant to show cause why his appeal should not be dismissed for lack of jurisdiction as the result of an untimely filed NOA.

On October 9, 1991, appellant filed a response to the Court's order premised on his understanding that the Court had asked him to show cause why his appeal should not be dismissed because the Secretary had failed to release his records to the Court. In light of appellant's misinterpretation of the order, on October 31, 1991, the Court issued a second clarifying order to appellant requiring him to supplement his prior response showing cause why his appeal should not be dismissed for lack of jurisdiction.

Under this Court's rules (U.S.Vet. App.R. 4) and precedents construing 38 U.S.C. § 7266(a) (formerly § 4066), an NOA, to be timely filed, must be actually received by the Court within 120 days after the BVA decision is mailed to an appellant. See Elsevier v. Derwinski, 1 Vet.App. 150, 153 (1991). This Court's jurisdiction derives exclusively from statutory grants of authority provided by Congress, and the Court may not extend its jurisdiction beyond that permitted by law. See Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); see also Prenzler v. Derwinski, 928 F.2d 392 (Fed. Cir.1991); Skinner v. Derwinski, 1 Vet. App. 2 (1990).

Because in the instant case appellant's NOA was received by the Court five days after the expiration of the 120–day period, it was untimely. In Irwin v. Veterans Admin., 498 U.S. 89, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990), the Supreme Court extended "the principles of equitable tolling" to cases where the United States is a party. In Elsevier, 1 Vet.App. at 154, this Court concluded that "the rule of equitable tolling [is] applicable to the 120–day time limit of 38 U.S.C. § 7266(a)" and stated that "[e]quitable tolling applies where 'despite all due diligence [plaintiff] is unable to obtain vital information bearing on the existence of his claim....'" Ibid. (citing Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451 (7th Cir.1990)). There, the Court also concluded that "[e]quitable estoppel may be used to prevent the running of a time limit where the defendant's conduct has caused plaintiff to delay ... in bringing the action." Id., 1 Vet.App. at 154. Neither circumstance is present in this case. Although appellant's supplemental response asserts that he was delayed in filing his NOA because a veterans' service organization had taken substantial time to determine that it could not represent him, that factor does not provide a basis for application of either equitable tolling or equitable estoppel so as to give this Court jurisdiction here.

After consideration of the foregoing, the Court finds that the case does not present the extraordinary and carefully circumscribed conditions necessary to warrant equitable tolling or estoppel under *Irwin* and *Elsevier*. Accordingly, it is

ORDERED that the Secretary's motion to dismiss is granted and this appeal is dismissed for lack of jurisdiction. The Court also notes that, based on the preliminary record before it, which may not be complete, it does not appear that appellant filed a Notice of Disagreement (NOD) within the time period also necessary to give this Court jurisdiction over an appeal. Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (Court has jurisdiction over appeal of a BVA decision only where NOD is filed, on or after November 18, 1988, with the Department of Veterans Affairs adjudication unit responsible for the decision adverse to appellant). *See generally Whitt v. Derwinski*, 1 Vet.App. 40 (1990).