Ledgie M. WILSON, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 91–1287.

United States Court of Veterans Appeals.

Jan. 28, 1992.

Before STEINBERG, Associate Judge.

### ORDER

Appellant's Notice of Appeal (NOA) was filed on July 29, 1991; it identified the mailing date of her Board of Veterans' Appeals (BVA) decision as October 31, 1990. On October 15, 1991, the Secretary of Veterans Affairs filed a motion to dismiss and to stay proceedings and, in support of the motion, attached a BVA decision with a mailing date of October 31, 1990. On November 1, 1991, appellant responded that her appeal should be considered by this Court because she filed a request for review (essentially an NOA) with the Department of Veterans Affairs (VA) Regional Office (RO) in Los Angeles, California, on November 14, 1990 (date-stamped on November 15, 1990), but did not receive a response from the RO until almost six months later, on May 1, 1991. In its letter, the RO informed appellant that she should have mailed her NOA directly to the Court.

To be timely filed under this Court's rules (U.S. Vet.App.R. 4) and precedents construing 38 U.S.C. § 7266(a) (formerly § 4066), an NOA must be actually received by the Court within 120 days after the BVA decision is mailed to an appellant. *See Elsevier v. Derwinski*, 1 Vet.App. 150, 152 (1991); *cf. Torres v. Derwinski*, 1 Vet.

App. 15, 16–17 (1990). Receipt by the BVA or a VARO is not receipt by the Court. This Court's jurisdiction derives exclusively from statutory grants of authority provided by Congress, and this Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski,* 928 F.2d 392 (Fed.Cir.1991); *Skinner v. Derwinski,* 1 Vet.App. 2, 3 (1990).

 Since this appeal from a BVA decision dated October 31, 1990, was not filed with the Court—notwithstanding its receipt almost six months earlier by the VARO on the 15th day after the BVA decision's mailing—until well beyond the 120th day after the date on which the BVA mailed its decision to appellant, it was untimely. Although in *Irwin v. Veterans Admin.,* 498 U.S. 89, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990), the Supreme Court extended "the principles of equitable tolling" to cases where the United States is a party, it held that those "principles ... do not extend to what is at best a garden variety claim of excusable neglect." In *Elsevier,* 1 Vet. App. at 153–154, this Court concluded that "the rule of equitable tolling [is] applicable to the 120–day time limit of 38 U.S.C. § 7266(a)".

After consideration of appellant's statement and the Secretary's pleadings, this Court finds that the case does not present the extraordinary and carefully circumscribed conditions necessary to warrant equitable tolling under *Irwin* and *Elsevier,* 1 Vet.App. at 154. *See also Schreiner v. Derwinski,* 2 Vet.App. 72 (1991). Accordingly, it is

**ORDERED** that the Secretary's motion to dismiss is granted and this appeal is dismissed for lack of jurisdiction.