**Junius SMITH, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–2197.

United States Court of Veterans Appeals.

March 12, 1992.

Before STEINBERG, Associate Judge.

## ORDER

On December 20, 1991, appellant filed a Notice of Appeal (NOA) from a Board of Veterans' Appeals (BVA) decision that was mailed on July 1, 1991. On January 30, 1992, the Court ordered appellant to show cause why this appeal should not be dismissed for failure to file an NOA within 120 days after the date the BVA decision was mailed. On February 11, 1992, appellant responded to the order, stating that the case should not be dismissed because on September 14, 1991, he mailed his NOA, among other places, to the U.S. Court of Veterans Appeals.

It appears from the envelope containing appellant's NOA that the Court received the NOA from the Department of Veterans Affairs Regional Office (VARO) rather than from appellant directly. A stamp on the back of appellant's NOA indicates that it was received by the VARO on September 30, 1991, but the Court did not receive it until December 20, 1991—172 days after the BVA decision was mailed. Appellant submitted no evidence demonstrating timely receipt by the Court of an NOA mailed under separate cover and directly to the Court.

The ultimate burden of establishing jurisdiction rests with an appellant. *McNutt v. G.M.A.C.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1935). To be timely filed under this Court's rules (U.S.Vet.App. 4) and precedents construing 38 U.S.C. § 7266(a) (formerly § 4066), an NOA must be actually received by the Court within 120 days after the BVA decision is mailed to an appellant. *See Elsevier v. Derwinski*, 1 Vet.App. 150 (1991); *Torres v. Derwinski*, 1 Vet.App. 15 (1990). This Court's jurisdiction derives exclusively from statutory grants of authority provided by Congress, and the Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2178–79, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski*, 928 F.2d 392 (Fed.Cir.1991); *Skinner v. Derwinski*, 1 Vet.App. 2 (1990). Since this appeal from a BVA decision, dated July 1, 1991, was not filed with the Court—notwithstanding its receipt almost 3 months earlier by the VARO on the 91st day after the BVA decision's mailing—until well beyond the 120th day from the mailing date of the BVA

decision, it was untimely. *See Elsevier*, 1 Vet.App. at 152 (to be properly filed, an NOA must be physically received by the Court within 120 days after the date on which the BVA decision was mailed).

Although in *Irwin v. Veterans Admin.*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), the Supreme Court extended "the principles of equitable tolling" to cases where the United States is a party, those principles were held inapplicable in that case as they must be here. In *Irwin*, plaintiff's counsel filed plaintiff's civil claim 15 days after the statutory deadline had passed, because counsel was out of the country when his office received notice of the Equal Employment Opportunity Commission's dismissal of plaintiff's case. The notice had informed plaintiff that, under 42 U.S.C. § 2000e–16(c), she had the right to file a civil action within 30 days after receipt of the notice. In evaluating the propriety of applying equitable tolling in that case, the Supreme Court concluded that those circumstances amounted to no more than a "garden variety claim of excusable neglect" which did not warrant application of the doctrine. *Id.* 111 S.Ct. at 458.

This Court has interpreted *Irwin* as extending the rule of equitable tolling "to the 120–day time limit of 38 U.S.C. § 4066(a) [redesignated § 7266(a) ]". *See Elsevier*, 1 Vet.App. at 154. In *Elsevier*, the Court stated that "[e]quitable tolling applies where 'despite all due diligence [plaintiff] is unable to obtain vital information bearing on the existence of his claim' ", *ibid.* (quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir.1990)) and that "[e]quitable estoppel may be used to prevent the running of a time limit where the defendant's conduct has caused plaintiff to delay ... in bringing the action." *Id.* at 155 (citing *Vadino v. A. Valey Engineers*, 903 F.2d 253, 263 (3d Cir.1990)). Furthermore, in *Elsevier*, the Court declined to extend the doctrine of equitable tolling to the situation before it, in which an appellant had filed an NOA with the BVA instead of with the Court. *Ibid.* There, "[h]ad appellant not assumed that filing his NOA with the BVA was sufficient, he could have readily determined that his NOA must be filed with this Court to be effective." *Id.* at 154. Here, too, appellant could have readily ascertained that his NOA must be filed with the Court since the notice at the end of the BVA decision identifies this Court as the body to which an appellant may appeal. Thus, appellant's filing his NOA with the VARO prior to the 120–day filing deadline does not provide a basis for application of either equitable tolling or equitable estoppel so as to give this Court jurisdiction over the matter.

In view of the foregoing and after consideration of appellant's explanations, this Court finds that the case here does not present the extraordinary and carefully circumscribed conditions necessary to warrant equitable tolling under *Irwin*. Accordingly, it is

ORDERED, sua sponte, that this appeal is dismissed for lack of jurisdiction.