Lorenzo S. GARILLOS, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–1339.

United States Court of Veterans Appeals.

March 12, 1992.

Before STEINBERG, Associate Judge.

## ORDER

On November 13, 1990, appellant filed his Notice of Appeal (NOA) from a Board of Veterans' Appeals (Board of BVA) decision which was mailed to appellant on May 24, 1990. On July 3, 1991, the Secretary of Veterans Affairs moved to dismiss appellant's appeal for lack of jurisdiction.

On December 6, 1991, the Court issued an order directing that appellant show cause why his appeal should not be dismissed based upon an NOA which was filed more than 120 days after the Board mailed its decision to appellant. On January 15, 1992, appellant responded to the Court's order by forwarding correspondence dated July 22, 1991, which correspondence appellant stated was mailed but apparently not received by the Court. In his July 22, 1991, letter, appellant stated that he admits that his NOA was not timely filed, but noted that he did mail correspondence to the Court on September 4, 1990.

The ultimate burden of establishing jurisdiction rests with an appellant. *McNutt v. G.M.A.C.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1935). To be timely filed under this Court's rules (U.S.Vet. App.R. 4) and precedents construing 38 U.S.C. § 7266(a) (formerly § 4066(a)), an NOA must be actually received by the Court within 120 days after the BVA decision is mailed to an appellant. *See Elsevier v. Derwinski*, 1 Vet.App. 150 (1991); *Torres v. Derwinski*, 1 Vet.App. 15 (1990). This Court's jurisdiction derives exclusively from statutory grants of authority provided by Congress, and the Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski*, 928 F.2d 392 (Fed.Cir.1991); *Skinner v. Derwinski*, 1 Vet.App. 2 (1990).

Appellant essentially asks that the Court accept as an NOA his correspondence of September 4, 1990. Rule 3(c) of this Court's Rules of Practice and Procedure states that an NOA shall name the party or parties taking the appeal; designate the Board decision appealed from; and include the addresses of the appellant and of any representative. Although Rule 3(c) goes on to state that an "appeal will not be dismissed for informality of the" NOA, even an "informal" NOA must include basic attributes of an NOA. Appellant's September, 1990, correspondence does not do so. Rather, it seeks to reopen his claim with the BVA based upon new and material evidence. Although this correspondence was received by the Court on September 17, 1990, it is clear that appellant intended, through his correspondence, to pursue his administrative remedies with the Board. The Court so finds because, despite the fact that the envelope in which appellant mailed his correspondence was addressed to the Court, (1) the appellation on the letter itself is directed to the Board; (2) appellant did not mention the Court or an

appeal to the Court; and (3) appellant did not indicate the Board decision from which he was appealing. Accordingly, it is

ORDERED that the Secretary's motion to dismiss is granted and the appeal is dismissed for lack of jurisdiction.