Carl A. JOSEPHSON, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–1401.

United States Court of Veterans Appeals.

March 31, 1992.

Before IVERS, Associate Judge.

### ORDER

On August 12, 1991, appellant filed his Notice of Appeal (NOA) from a Board of Veterans' Appeals (Board or BVA) decision that was mailed to him on April 11, 1990. On February 25, 1991, the Court issued an order directing appellant to show cause why his appeal should not be dismissed for lack of jurisdiction.

On March 9, 1992, appellant responded to the Court's order. Appellant states that he received neither the April 3, 1989, BVA decision, nor the April 11, 1990, BVA decision directly, but that he had to obtain copies of the decisions through his Congress persons. On page 38 of his response to the show cause order, appellant states that he received a copy of the 1990 BVA decision on approximately June 1, 1990.

The ultimate burden of establishing jurisdiction rests with an appellant. To be timely filed under this Court's rules (U.S.Vet.App.R. 4) and precedents construing 38 U.S.C. § 7266(a) (formerly § 4066(a)), an NOA must be actually received by the Court within 120 days after the BVA decision is mailed to an appellant. *See Elsevier v. Derwinski,* 1 Vet.App. 150

(1991); *Torres v. Derwinski,* 1 Vet.App. 15 (1990). This Court's jurisdiction derives exclusively from statutory grants of authority provided by Congress, and this Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski,* 928 F.2d 392 (Fed.Cir.1991); *Skinner v. Derwinski,* 1 Vet.App. 2 (1990).

■ Appellant's appeal was processed in the normal course of business—a process which is entitled to the presumption of administrative regularity in the absence of evidence to the contrary. *See Morris v. Sullivan,* 897 F.2d 553, 560 (D.C.Cir.1990) (quoting *United States v. Chemical Foundation,* 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926) ("The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."). Appellant has not shown that a copy of the BVA decision was not mailed to him in the normal course of business. *See Ashley v. Derwinski,* 2 Vet.App. 62, 64–67 (1992).

■ More importantly, however, appellant states that he received a copy of the April 11, 1990, decision on or around June 1, 1990. Even assuming appellant could show that he did not receive a copy of the BVA decision until June 1990, he offers no explanation why he waited for over a year to file his appeal from that decision. This case, therefore, does not present the extraordinary and carefully circumscribed conditions necessary to warrant equitable tolling under *Irwin v. Veterans Admin.,* 498 U.S. 89, ——, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990), in which the Supreme Court applied the principles of equitable tolling to cases where the United States is a party but held that those "principles ... do not extend to what is at best a garden variety claim of excusable neglect." *See also Butler v. Derwinski,* 960 F.2d 139, 141 (Fed.Cir.1992) (Court held that 38 U.S.C. § 7266(a) (formerly § 4066(a)) does not allow an extension of time upon a showing of good cause). Accordingly, it is

ORDERED that the Secretary's motion to dismiss is granted and that the appeal is dismissed for lack of jurisdiction.