**Fred H. FUQUAY, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–1878.**

United States Court of Veterans Appeals.

April 27, 1992.

Before KRAMER, Associate Judge.

## ORDER

On December 6, 1991, the Court ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction because of an untimely Notice of Appeal (NOA), filed on October 29, 1991. On December 16, 1991, appellant filed a re-sponse to the Court's order, in which he stated that he failed to file a timely NOA because he was misinformed and mailed an NOA to the Regional Office instead of this Court. On March 9, 1992, the Secretary of Veterans Affairs filed a preliminary record, which reflects that the Board of Veterans' Appeals (BVA) mailed its decision on March 22, 1991.

To be timely filed under the Court's rules (U.S.Vet.App.R. 4) and prece-dents construing 38 U.S.C. § 7266(a) (for-merly § 4066(a)), an NOA must be actually received by the Court within 120 days after the BVA decision is mailed to an appellant. *See Elsevier v. Derwinski,* 1 Vet.App. 150 (1991); *Torres v. Derwinski,* 1 Vet.App. 15 (1990). This Court's jurisdiction derives ex-clusively from statutory grants of authori-ty provided by Congress, and this Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2179, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski,* 928 F.2d 392 (Fed.Cir.1991); *Skinner v. Derwinski,* 1 Vet.App. 2 (1990). However, in *Irwin v. Veterans Admin.,* 498 U.S. 89, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990), the Supreme Court extended "the princi-ples of equitable tolling" to cases where the United States is a party but held that those "principles ... do not extend to what is at best a garden variety claim of excusa-ble neglect." In *Elsevier,* this Court con-cluded that "the rule of equitable tolling [is] applicable to the 120–day time limit of 38 U.S.C. § 4066(a) [redesignated § 7266(a) ]".

After consideration of appellant's response, this Court finds that the case here does not present the extraordinary and carefully circumscribed conditions nec-essary to warrant equitable tolling under *Irwin* and *Elsevier.* Moreover, under the newly decided case of *Butler v. Derwinski,* 960 F.2d 139, at 141 (Fed.Cir.1992), good cause also cannot be the basis for extend-ing the requisite 120 day filing period. Therefore, because this appeal was not filed within 120 days after the date on which the BVA mailed its decision to appel-

ORDERED that this appeal is dismissed for lack of jurisdiction.