**Leo R. LUSKEY, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–1163.

United States Court of Veterans Appeals.

May 5, 1992.

As Amended May 7, 1992.

Before MANKIN, Associate Judge.

### ORDER

On May 10, 1991, the Court received correspondence from appellant in which he expressed his desire to appeal an adverse Board of Veterans' Appeals (Board or BVA) decision. Appellant's correspondence was dated April 24, 1991. It was addressed to the Court's former address at 1625 K Street, N.W., Washington, D.C., and did not designate the date of the BVA decision being appealed. A formal Notice of Appeal (NOA), on a form supplied by the Court in response to appellant's correspondence, was received on July 2, 1991.

During a routine review of appellant's file, it was discovered that the BVA decision on appeal was dated December 26, 1990. To be timely filed under Rule 4 of this Court's Rules of Practice and Procedure and precedents construing 38 U.S.C. § 7266(a) (formerly 38 U.S.C. § 4066(a)), and in order for this Court to exercise its jurisdiction properly, an NOA must be actually received by the Court within 120 days after the BVA decision is mailed to an appellant. *See Elsevier v. Derwinski*, 1 Vet.App. 150 (1991); *Torres v. Derwinski*, 1 Vet.App. 15 (1990).

On February 24, 1992, the Court directed appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. On March 20, 1992, appellant responded to the Court's order. Appellant stated that his correspondence of April 24, 1991, should be considered as his NOA and cities to Rule 3 of this Court's Rules of Practice and Procedure which provides that an appeal will not be dismissed for informality of the NOA.

■ The Court will construe appellant's correspondence as an NOA. As stated above, however, to be timely filed, an NOA must be actually received by the Court within 120 days after the BVA decision is mailed to an appellant. *See Elsevier*, 1 Vet.App. at 152 (to be properly filed, an NOA must be physically received by the Court within 120 days after the date on which the BVA decision was mailed). Appellant's NOA was received by the Court 135 days after the BVA decision was issued.

■ This Court's jurisdiction derives exclusively from statutory grants of authori-

ty provided by Congress, and this Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2179, 100 L.Ed.2d 811 (1988); *Butler v. Derwinski*, 960 F.2d 139, 141 (Fed.Cir.1992); *Skinner v. Derwinski*, 1 Vet.App. 2 (1990). Since this appeal from a BVA decision dated December 26, 1990, was not received until 135 days after the mailing date of the BVA decision, it is untimely.

 As noted above, appellant mailed his NOA to the Court's former address. In *Irwin v. Veterans Admin.*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), the Supreme Court extended "the principles of equitable tolling" to cases where the United States is a party. Those principles were held inapplicable in that case, however, as they must be here. In *Irwin*, plaintiff's counsel filed plaintiff's civil claim 15 days after the statutory deadline had passed, because counsel was out of the country when his office received notice of the Equal Employment Opportunity Commission's dismissal of plaintiff's case. The notice had informed plaintiff that, under 42 U.S.C. § 2000e–16(c), she had the right to file a civil action within 30 days after receipt of the notice. In evaluating the propriety of applying equitable tolling in that case, the Supreme Court concluded that those circumstances amounted to no more than "a garden variety claim of excusable neglect" which did not warrant application of the doctrine. *Id.* 111 S.Ct. at 458.

This Court has interpreted *Irwin* as extending the rule of equitable tolling "to the 120–day time limit of 38 U.S.C. § 4066(a) [redesignated § 7266(a)]". *See Elsevier*, 1 Vet.App. at 154. In *Elsevier*, the Court stated that "[e]quitable tolling applies where 'despite all due diligence [plaintiff] is unable to obtain vital information bearing on the existence of his claim' ", *ibid.* (quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir.1990)); and that "[e]quitable estoppel may be used to prevent the running of a time limit where the defendant's conduct has caused plaintiff to delay ... in bringing the action." *Id.* at 155 (citing *Vadino v. A. Valey Engineers*, 903 F.2d 253, 263 (3d Cir.1990)). Neither circumstance is present in this case. Although appellant mailed his NOA to the Court's former address, that factor alone does not provide a basis for application of either equitable tolling or equitable estoppel so as to give this Court jurisdiction over the matter. This is especially true in this case as the correspondence the Court has construed as appellant's NOA is postmarked April 25, 1991, 120 days after the BVA decision.

In view of the foregoing and after consideration of appellant's explanations, this Court finds that the case here does not present the extraordinary and carefully circumscribed conditions necessary to warrant equitable tolling under *Irwin* and *Elsevier*. Accordingly, it is

ORDERED that this appeal is dismissed for lack of jurisdiction.