**Peter J. FALCO, Appellant,**

v.

**Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.**

No. 92–194.

United States Court of Veterans Appeals.

June 3, 1992.

Before STEINBERG, Associate Judge.

ORDER

On January 8, 1991, the Board of Veterans' Appeals (BVA or Board) rendered a final decision denying appellant's claim. On September 4, 1991, appellant filed a request for reconsideration of that decision by the Chairman of the Board. *See* 38 U.S.C. § 7103 (formerly § 4003); 38 C.F.R. §§ 19.185, 19.186 (1991). In a letter dated October 21, 1991, appellant's request was denied. The Secretary of Veterans Affairs (Secretary) informed appellant and the Court by motion dated March 26, 1992, that the Board's October 21, 1991, letter to appellant denying reconsideration had been issued mistakenly and without authority by the Office of the Director of the BVA's Administrative Services. On February 7, 1992, appellant filed with the Clerk of the Court a Notice of Appeal (NOA) from the Board's January 8, 1991, decision. By letter dated April 23, 1992, the Vice Chairman of the Board, acting on behalf of the Chairman, informed the veteran that his request for reconsideration was denied. Appellee's Mot. to Dismiss (Ex. 1). On May 1, 1992, the Secretary filed with the Court a motion to dismiss and to stay further proceedings based on the absence of subject matter jurisdiction over the appeal.

The ultimate burden of establishing jurisdiction generally rests with an appellant. *See McNutt v. GMAC*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1935); *Bethea v. Derwinski*, 2 Vet.App. 252 (1992). To be timely filed under this Court's rules (U.S.Vet.App.R. 4) and precedents construing 38 U.S.C. § 7266(a) (formerly § 4066(a)), an NOA must be actually received by the Court within 120 days after the BVA decision is mailed to an appellant. *See Elsevier v. Derwinski*, 1 Vet.App. 150 (1991) (to be filed properly, an NOA must be physically received by the Court within 120 days after the date on which the BVA decision was mailed); *Torres v. Derwinski*, 1 Vet.App. 15 (1990). This Court's jurisdiction derives exclusively from statutory grants of authority provided by Congress, and the Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *see also Butler v. Derwinski*, 960 F.2d 139, 140, 141 (Fed.Cir.1992); *Prenzler v. Derwinski*, 928 F.2d 392 (Fed.Cir.1991); *Skinner v. Derwinski*, 1 Vet.App. 2 (1990).

In *Rosler v. Derwinski*, 1 Vet.App. 241, 242 (1991), the Court held that a "claimant's filing of a reconsideration motion with the Board *during* the 120–day judicial appeals period [extinguishes the finality of the initial BVA decision and] postpone[s] the start of that appeals period until the BVA [has] mailed to the claimant notice of its denial of that motion". (Emphasis added.) "It is implicit in the tolling principle that the motion for reconsideration must be made within the time period for filing a judicial appeal from the decision which is the subject of the reconsideration motion. Otherwise, the appeal period would already have elapsed and thus could not be tolled." *Id.* at 245. On September 4, 1991, 240 days after the date of the BVA decision which is the subject of this appeal, appellant filed a request for Board reconsideration of its January 8, 1991, decision. Because appellant did not file his motion for Board reconsideration within the 120–day judicial appeals period, the Court cannot assume jurisdiction over his appeal.

On consideration of the foregoing, it is

ORDERED that the Secretary's motion is granted and this appeal is dismissed for lack of jurisdiction.