**Milton RICH, Jr., Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–1464.**

United States Court of Veterans Appeals.

July 10, 1992.

Before FARLEY, Associate Judge.

### ORDER

The record reflects that the Board of Veterans' Appeals (BVA) decision giving rise to this appeal was mailed on April 5, 1991. The record also indicates that appellant's Notice of Appeal (NOA) was filed 143 days later, on August 26, 1991, and that appellant filed a motion for reconsideration with the BVA on September 9, 1991, 157 days after the BVA decision.

On October 7, 1991, the Secretary of Veterans Affairs (Secretary) filed, inter alia, a motion to dismiss this appeal for lack of jurisdiction due to the untimely filed NOA. On November 25, 1991, appellant filed a response to the Court's October 31, 1991, order to show cause why the appeal should not be dismissed for lack of jurisdiction. Appellant stated that he had "filed on July 30, 1991 the VA Form 21–4138 requesting a motion for reconsideration."

On November 27, 1991, the Secretary moved to withdraw the motion to dismiss on the basis of appellant's statement; however, in an order of March 31, 1992, the Court determined that the Secretary's concession was based upon an apparent misreading of appellant's statement. Therefore, the Court ordered, inter alia, that the Secretary submit a brief in support of his contention that "the Appellant's appeal to this Court is timely", and further ordered both parties to supplement the record with any additional correspondence which might bear upon the Court's jurisdiction.

On May 1, 1992, the Secretary filed a response and motion to dismiss. Appellant did not respond. In his motion, counsel for the Secretary affirms that he had misinterpreted appellant's statement and accompanying documentation and asserts that "[a]ppellant's motion for reconsideration did not toll the appeal period because it was not filed within 120 days from the date the BVA decision was mailed to him."

For the Court to have jurisdiction, appellant either must have filed an NOA within 120 days of the mailing of the BVA decision (38 U.S.C. § 7266(a) (formerly § 4066(a); U.S. Vet.App.R. 4) or have filed a motion for reconsideration by the BVA before the termination of this period, thereby tolling the commencement of the 120–day statutory period under *Rosler v. Derwinski,* 1 Vet.App. 241, 249 (1991). This Court's jurisdiction derives exclusively from statutory grants of authority provided by Congress, and this Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *see also Skinner v. Derwinski,* 1 Vet.App. 2 (1990).

In view of the foregoing, it is, therefore

ORDERED that this appeal is dismissed for lack of jurisdiction.