988 F.2d 129
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
George Peter BURTON, Petitioner-Claimant,
v.
Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs,
Respondent-Appellee,
 No. 92-7080.
 United States Court of Appeals, Federal Circuit.
 Dec. 30, 1992.
 
 2 Vet.App. 49.
 DISMISSED.
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 SCHALL, Circuit Judge.
 
 ORDER
 
 1
 The Acting Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(d) and to dismiss George Peter Burton's appeal for lack of jurisdiction. Burton has not filed a response.
 
 
 2
 On January 23, 1991, the Board of Veterans Appeals issued a final decision in Burton's case. One hundred twenty-four days later, Burton filed a notice of appeal with the Court of Veterans Appeals. The Court of Veterans Appeals dismissed Burton's appeal because it was not filed within the 120-day statutory appeal period. 38 U.S.C.A. § 7266(a) (West 1991). Burton appealed.
 
 
 3
 This court has limited authority to review Court of Veterans Appeals' decisions. Livington v. Derwinski, 959 F.2d 224 (Fed.Cir.1992). In particular, we cannot review a challenge to the law as applied to the facts of a case. 38 U.S.C.A. § 7292(d)(2). Hence, Burton's challenge to the application of the statutory 120-day appeal period to the facts of his case may not be reviewed by this court.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) The Secretary's motion to waive Fed.Cir.R. 27(b) is granted.
 
 
 6
 (2) The Secretary's motion to dismiss is granted.
 
 
 7
 (3) Each side shall bear its own costs.